# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| | **Date the Order or Judgment Appealed from was Entered on the Docket:** | **District Court Docket No.:** |
| | **Date the Notice of Appeal was Filed:** | **Is this a Cross Appeal?** ☐ Yes  ☐ No |

| **Attorney(s) for Appellant(s):** ☐ Plaintiff ☐ Defendant | Counsel's Name: Yen-Yi Anderson | Address: 61 Broadway, Suite 2809 New York, NY 10006 | Telephone No.: 646-452-9982 | Fax No.: 646-349-4396 | E-mail: y.anderson@aalawpc.com |
|---|---|---|---|---|---|
| **Attorney(s) for Appellee(s):** ☐ Plaintiff ☐ Defendant | Counsel's Name: Dorf Nelson & Zauderer LLP | Address: 475 Fifth Avenue New York, NY 10017 | Telephone No.: 212-485-0005; 212-922-9149 | Fax No.: 914-381-7608 | E-mail: mzauderer@dorflaw.com; imatetsky@dorflaw.com |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes  ☐ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:     Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

***ADDENDUM "A":*** **COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B":*** **COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

### PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party     ☐ Diversity | ☐ Final Decision     ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☐ Federal question (U.S. not a party)     ☐ Other (specify): _____ | ☐ Interlocutory Decision Appealable As of Right     ☐ Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

**PART B: DISTRICT COURT DISPOSITION** (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|
| ☐ Pre-trial<br>☐ During trial<br>☐ After trial | ☐ Default judgment<br>☐ Dismissal/FRCP 12(b)(1)<br>  lack of subject matter juris.<br>☐ Dismissal/FRCP 12(b)(6)<br>  failure to state a claim<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>  frivolous complaint<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>  other dismissal<br><br>☐ Dismissal/other jurisdiction<br>☐ Dismissal/merit<br>☐ Judgment / Decision of the Court<br>☐ Summary judgment<br>☐ Declaratory judgment<br>☐ Jury verdict<br>☐ Judgment NOV<br>☐ Directed verdict<br>☐ Other (specify): | ☐ Damages:<br><br>___ Sought: $ _____<br>___ Granted: $ _____<br>___ Denied: $ _____<br><br>☐ Injunctions:<br><br>☐ Preliminary<br>☐ Permanent<br>☐ Denied |

**PART C: NATURE OF SUIT** (Check as many as apply)

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ☐ Antitrust<br>☐ Bankruptcy<br>☐ Banks/Banking<br>☐ Civil Rights<br>☐ Commerce<br>☐ Energy<br>☐ Commodities<br>☐ Other (specify): _____ | ☐ Communications<br>☐ Consumer Protection<br>☐ Copyright / Patent<br>☐ Trademark<br>☐ Election<br>☐ Soc. Security<br>☐ Environmental | ☐ Freedom of Information Act<br>☐ Immigration<br>☐ Labor<br>☐ OSHA<br>☐ Securities<br>☐ Tax | ☐ Admiralty/<br>  Maritime<br>☐ Assault /<br>  Defamation<br>☐ FELA<br>☐ Products Liability<br>☐ Other (Specify): | ☐ Admiralty/<br>  Maritime<br>☐ Arbitration<br>☐ Commercial<br>☐ Employment<br>☐ Insurance<br>☐ Negotiable<br>  Instruments<br>☐ Other Specify | ☐ Civil Rights<br>☐ Habeas Corpus<br>☐ Mandamus<br>☐ Parole<br>☐ Vacate Sentence<br>☐ Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv.<br>☐ Forfeiture/Penalty<br>☐ Real Property<br>☐ Treaty (specify): _____<br>☐ Other (specify): _____ | ☐ Arbitration<br>☐ Attorney Disqualification<br>☐ Class Action<br>☐ Counsel Fees<br>☐ Shareholder Derivative<br>☐ Transfer | ☐ Yes    ☐ No<br><br>Will appeal raise a matter of first impression?<br><br>☐ Yes    ☐ No |

1. Is any matter relative to this appeal still pending below?   ☐ Yes, specify: _____   ☐ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A)   Arises from substantially the same case or controversy as this appeal?        ☐ Yes        ☐ No

   (B)   Involves an issue that is substantially similar or related to an issue in this appeal?   ☐ Yes        ☐ No

If yes, state whether  ☐ "A," or  ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Name of Appellant: | | | |

| Date: | Signature of Counsel of Record: | *Yen-Yi Anderson* |
|---|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**
1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C**  (Rev. December 2016)

**ADDENDUM A**

The nature of the action by Plaintiffs Gerard Sillam and Aldraric Sauliner against Defendants Labaton Sucharow, et al., involves claims of fraudulent inducement, negligent misrepresentation, and aiding and abetting fraudulent inducement. The matter is still ongoing in the Southern District of New York.

This Addendum A to Form C is for an appeal of an order of sanctions by Judge Colleen McMahon against Gerard Sillam in the amount of $146,280.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

GERARD SILLAM, ET. AL.,

_____

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

LABATON SUCHAROW LLP, et al.,

_____

(List the full name(s) of the defendant(s)/respondent(s).)

___21__CV_6675_____ ( CM )(OTW)

**NOTICE OF APPEAL**

Notice is hereby given that the following parties:    Gerard Sillam

_____

(list the names of all parties who are filing an appeal)

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the      ☐ judgment    ☒ order    entered on:    July 24, 2024

(date that judgment or order was entered on docket)

that:    granted Defendants' motion for attorneys' fees in the form of sanctions against Gerard Sillam

(If the appeal is from an order, provide a brief description above of the decision in the order.)

August 22, 2024
_____
Dated

*Yen-Yi Anderson*
Signature[*]

Yen-Yi Anderson
_____
Name (Last, First, MI)

61 Broadway, Suite 2809       New York       NY       10006
Address                       City           State    Zip Code

646-452-9982                              y.anderson@aalawpc.com
Telephone Number                          E-mail Address (if available)

August 22, 2024
_____

[*] Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case.  Fed. R. App. P. 3(c)(2).  Attach additional sheets of paper as necessary.

Rev. 12/23/13

STAYED,APPEAL,CASREF,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:21−cv−06675−CM−OTW

| | |
|---|---|
| Sillam et al. v. Labaton Sucharow LLP et al. | Date Filed: 08/06/2021 |
| Assigned to: Judge Colleen McMahon | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Ona T. Wang | Nature of Suit: 150 Contract: |
| Cause: 28:1332 Diversity Action | Recovery/Enforcement |
| | Jurisdiction: Diversity |

**Plaintiff**

**Gerard Sillam**                    represented by    **Douglas M. Reda**
Douglas M. Reda
180 Froehlich Farm Blvd.
Woodbury, NY 11797
(516)−921−1873
Fax: (516)−921−1938
Email: dmr180@gmail.com
*ATTORNEY TO BE NOTICED*

**Yen−Yi Anderson**
Anderson and Associates
61 Broadway
Suite 2809
New York, NY 10006
646−452−9982
Fax: 646−349−4396
Email: y.anderson@aalawpc.com
*ATTORNEY TO BE NOTICED*

**Steven Joseph Czik**
Czik Law Group PLLC
401 Greenwich Street
New York, NY 10013
(212) 413−4462
Fax: (212)−226−7555
Email: steven@cziklaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Aldric Saulnier**                    represented by    **Douglas M. Reda**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yen−Yi Anderson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven Joseph Czik**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Movant**

**Kenneth Pascal Abbarno**                    represented by    **Kenneth Pascal Abbarno**
DiCello Levitt LLP
8160 Norton Parkway
Third Floor
Mentor, OH 44060

4409538888
Fax: 4409539138
Email: kabbarno@dicellolevitt.com
PRO SE

V.

**Defendant**

**Labaton Sucharow LLP**                    represented by  **Mark Carl Zauderer**
                                                             Dorf Nelson & Zauderer LLP
                                                             475 Fifth Avenue
                                                             New York, NY 10017
                                                             212–485–0005
                                                             Fax: 914–381–7608
                                                             Email: mzauderer@dorflaw.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Ira Brad Matetsky**
                                                             Dorf Nelson & Zauderer LLP
                                                             475 Fifth Avenue
                                                             New York, NY 10017
                                                             212–922–9149
                                                             Email: imatetsky@dorflaw.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Yoram Jacob Miller**
                                                             Goldberg Segalla LLP
                                                             711 Third Avenue
                                                             Suite 1900
                                                             New York, NY 10017
                                                             646–292–8754
                                                             Email: ymiller@goldbergsegalla.com
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Christopher J. Keller**                   represented by  **Mark Carl Zauderer**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Ira Brad Matetsky**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Yoram Jacob Miller**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Lawrence A. Sucharow**                    represented by  **Yoram Jacob Miller**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Miscellaneous**

**RUST CONSULTING INC.**                    represented by  **Peter Guirguis**
                                                             Mintz & Gold LLP
                                                             600 Third Avenue, 25th Floor
                                                             New York, NY 10016
                                                             212–696–4848
                                                             Fax: 212–696–1231
                                                             Email: guirguis@mintzandgold.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/06/2021 | 1 | COMPLAINT against Christopher J. Keller, Labaton Sucharow LLP, LAWRENCE SUCHAROW. (Filing Fee $ 402.00, Receipt Number ANYSDC−24900747)Document filed by GERARD SILLAM, ALDRIC SAULNIER..(Czik, Steven) (Entered: 08/06/2021) |
| 08/09/2021 | | **\*\*\*NOTICE TO ATTORNEY TO ELECTRONICALLY FILE CIVIL COVER SHEET. Notice to Attorney Steven Joseph Czik. Attorney must electronically file the Civil Cover Sheet. Use the event type Civil Cover Sheet found under the event list Other Documents. (pc)** (Entered: 08/09/2021) |
| 08/09/2021 | | **\*\*\*NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Steven Joseph Czik. The party information for the following party/parties has been modified: GERARD SILLAM, ALDRIC SAULNIER, Christopher J. Keller, Labaton Sucharow LLP, LAWRENCE SUCHAROW. The information for the party/parties has been modified for the following reason/reasons: party name contained a typographical error; party role was entered incorrectly;. (pc)** (Entered: 08/09/2021) |
| 08/09/2021 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above−entitled action is assigned to Judge Colleen McMahon. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district−judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf−related−instructions..(pc) (Entered: 08/09/2021) |
| 08/09/2021 | | Magistrate Judge Ona T. Wang is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018−06/AO−3.pdf. (pc) (Entered: 08/09/2021) |
| 08/09/2021 | | Case Designated ECF. (pc) (Entered: 08/09/2021) |
| 08/09/2021 | | **\*\*\*NOTICE TO ATTORNEY REGARDING CIVIL. CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Steven Joseph Czik. The following case opening statistical information was erroneously selected/entered: Cause of Action code 05:75(2);. The following correction(s) have been made to your case entry: the Cause of Action code has been modified to 28:1332;. (pc)** (Entered: 08/09/2021) |
| 08/20/2021 | 2 | ORDER SCHEDULING AN INITIAL PRETRIAL CONFERENCE: If a conforming case management plan is submitted at least two business days prior to the scheduled initial conference and subsequently approved by the Court, the initial conference will be canceled automatically. If a motion has been filed either before or after the case management plan is approved, and the parties desire a conference, a letter must be submitted to the Court via fax specifically asking that the initial conference not be canceled. If the parties fail to agree upon such a plan or fail to submit the plan to the Court within the time provided (at least two business days before the conference date), the parties must participate in a telephone conference on 10/28/2021 at 10:15 a.m. Parties should dial in at 1(888)363−4749, access code (9054506) to join the conference. Initial Conference set for 10/28/2021 at 10:15 AM before Judge Colleen McMahon. (Signed by Judge Colleen McMahon on 8/20/2021) (tg) (Entered: 08/20/2021) |
| 09/02/2021 | 3 | CIVIL COVER SHEET filed..(Czik, Steven) (Entered: 09/02/2021) |
| 09/10/2021 | 4 | **FILING ERROR − DEFICIENT PLEADING − SUMMONS REQUEST PDF ERROR −** REQUEST FOR ISSUANCE OF SUMMONS as to LABATON SUCHAROW LLP, CHRISTOPHER J. KELLER, and LAWRENCE A. |

| | | |
|---|---|---|
| | | SUCHAROW, re: 1 Complaint. Document filed by Aldric Saulnier, Gerard Sillam..(Czik, Steven) Modified on 9/13/2021 (pc). (Entered: 09/10/2021) |
| 09/13/2021 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Steven Joseph Czik to RE–FILE Document No. 4 Request for Issuance of Summons. The filing is deficient for the following reason(s): Attorney info is blank;. Re–file the document using the event type Request for Issuance of Summons found under the event list Service of Process – select the correct filer/filers – and attach the correct summons form PDF. (pc) (Entered: 09/13/2021) |
| 09/13/2021 | 5 | REQUEST FOR ISSUANCE OF SUMMONS as to LABATON SUCHAROW LLP, CHRISTOPHER J. KELLER LAWRENCE A. SUCHAROW, re: 1 Complaint. Document filed by Aldric Saulnier, Gerard Sillam..(Czik, Steven) (Entered: 09/13/2021) |
| 09/14/2021 | 6 | ELECTRONIC SUMMONS ISSUED as to Christopher J. Keller, Labaton Sucharow LLP, Lawrence A. Sucharow..(pc) (Entered: 09/14/2021) |
| 09/17/2021 | 7 | FILING ERROR – DEFICIENT DOCKET ENTRY (SEE DOCUMENT #8) – FIRST LETTER MOTION to Adjourn Conference *Initial PreTrial* addressed to Judge Colleen McMahon from Steven J. Czik dated 09/15/2021., FIRST LETTER MOTION for Extension of Time *to submit Case Management Plan* addressed to Judge Colleen McMahon from Steven J. Czik dated 09/15/2021. Document filed by Aldric Saulnier, Gerard Sillam..(Czik, Steven) Modified on 9/20/2021 (ldi). (Entered: 09/17/2021) |
| 09/17/2021 | 8 | FIRST LETTER MOTION for Extension of Time *to submit Case Management Plan* addressed to Judge Colleen McMahon from Steven J. Czik dated 09/17/2021., FIRST LETTER MOTION to Adjourn Conference *Initial Pre Trial* addressed to Judge Colleen McMahon from Steven J. Czik dated 09/17/2021. Document filed by Aldric Saulnier, Gerard Sillam. (Attachments: # 1 Exhibit Letter from French Counsel).(Czik, Steven) (Entered: 09/17/2021) |
| 09/20/2021 | 9 | LETTER addressed to Judge Colleen McMahon from Mark C. Zauderer dated September 20, 2021 Document filed by Labaton Sucharow LLP..(Zauderer, Mark) (Entered: 09/20/2021) |
| 09/20/2021 | 10 | ORDER terminating 8 Letter Motion for Extension of Time; terminating 8 Letter Motion to Adjourn Conference. ENDORSEMENT: I am confused. You are saying that your clients filed a complaint without having evidence of wrongdoing? Why do you need additional evidence in order to serve the complaint? You filed it; you have the number of days provided in the Federal Rules to serve it, I will not extend that period. (Signed by Judge Colleen McMahon on 9/20/2021) (mml) Modified on 9/22/2021 (mml). (Entered: 09/21/2021) |
| 09/24/2021 | 11 | SECOND LETTER MOTION for Extension of Time to File *Case Management Plan* addressed to Judge Colleen McMahon from Steven Czik dated 09/24/2021., SECOND LETTER MOTION to Adjourn Conference *of 10.28.2021* addressed to Judge Colleen McMahon from Steven Czik dated 09/24/2021. Document filed by Aldric Saulnier, Gerard Sillam..(Czik, Steven) (Entered: 09/24/2021) |
| 09/27/2021 | 12 | ORDER granting 11 Letter Motion to Adjourn Conference. The October 28th conference is adjourned as this case becomes "aged" on my calendar within a fixed period after filing delays in service will be compensated for at the end of the case. So Ordered. (Signed by Judge Colleen McMahon on 9/27/2021) (js) (Entered: 09/27/2021) |
| 11/01/2021 | 13 | AFFIDAVIT OF SERVICE. All Defendants. Service was accepted by Richard Lopez. Document filed by Gerard Sillam, Aldric Saulnier. (Attachments: # 1 Affidavit of Service Keller, # 2 Affidavit of Service Sucharow).(Czik, Steven) (Entered: 11/01/2021) |
| 11/02/2021 | 14 | AFFIDAVIT OF SERVICE. Labaton Sucharow LLP served on 11/2/2021, answer due 11/23/2021. Service was accepted by Sue Zouk for Secretary of State. Document filed by Gerard Sillam; Aldric Saulnier..(Czik, Steven) (Entered: 11/02/2021) |
| 11/19/2021 | 15 | MOTION to Dismiss . Document filed by Christopher J. Keller, Labaton Sucharow LLP, Lawrence A. Sucharow. Responses due by 12/3/2021.(Miller, Yoram) (Entered: |

| | | |
|---|---|---|
| | | 11/19/2021) |
| 11/19/2021 | 16 | AFFIDAVIT of Christopher J. Keller in Support re: 15 MOTION to Dismiss .. Document filed by Christopher J. Keller, Labaton Sucharow LLP, Lawrence A. Sucharow. (Attachments: # 1 Exhibit A – Complaint, # 2 Exhibit B – Sillam Agreement, # 3 Exhibit C – Saulnier Agreement, # 4 Exhibit D – Certifications, # 5 Exhibit E – July 29–30, 2015 Email Exchange, # 6 Exhibit F – 2015 Settlement Agreement and Release, # 7 Exhibit G – Amendment to 2015 Settlement Agreement and Release, # 8 Exhibit H – Reuters Article, # 9 Exhibit I – Complaint in Hannezo Case, # 10 Exhibit J – Opinion and Order Dismissing Hannezo Case, # 11 Exhibit K – Notice of Motion in Corinthian Colleges Case, # 12 Exhibit L – Declaration in Corinthian Colleges Case, # 13 Exhibit M – Order in Corinthian Colleges Case, # 14 Exhibit N – Motion in Corinthian Colleges Case, # 15 Exhibit O – Declaration in Corinthian Colleges Case, # 16 Exhibit P – Order in Bank of American Case, # 17 Exhibit Q – Certification in Weight Watchers Case, # 18 Exhibit R – Joint Declaration in Weight Watchers Case).(Miller, Yoram) (Entered: 11/19/2021) |
| 11/19/2021 | 17 | MEMORANDUM OF LAW in Support re: 15 MOTION to Dismiss . . Document filed by Christopher J. Keller, Labaton Sucharow LLP, Lawrence A. Sucharow..(Miller, Yoram) (Entered: 11/19/2021) |
| 12/01/2021 | 18 | NOTICE OF APPEARANCE by Douglas M. Reda on behalf of Aldric Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 12/01/2021) |
| 12/01/2021 | 19 | FIRST LETTER MOTION for Extension of Time to File Response/Reply as to 15 MOTION to Dismiss . addressed to Judge Colleen McMahon from Douglas M. Reda dated 12/1/21. Document filed by Aldric Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 12/01/2021) |
| 12/03/2021 | 20 | ORDER granting 19 Letter Motion for Extension of Time to File Response/Reply re 19 FIRST LETTER MOTION for Extension of Time to File Response/Reply as to 15 MOTION to Dismiss . addressed to Judge Colleen McMahon from Douglas M. Reda dated 12/1/21. OK. Responses due by 12/31/2021 Replies due by 1/14/2022. (Signed by Judge Colleen McMahon on 12/3/2021) (vfr) (Entered: 12/03/2021) |
| 12/13/2021 | 21 | NOTICE of Substitution of Attorney. Old Attorney: Steven J. Czik, New Attorney: Douglas Reda, Address: Raiser & Kenniff, P.C., 300 Old Country Rd., Suite 351, Mineola, New York, 11501, 5167427600. Document filed by Aldric Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 12/13/2021) |
| 12/31/2021 | 22 | MEMORANDUM OF LAW in Opposition re: 15 MOTION to Dismiss . . Document filed by Aldric Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 12/31/2021) |
| 12/31/2021 | 23 | AFFIRMATION of Douglas M. Reda in Opposition re: 15 MOTION to Dismiss .. Document filed by Aldric Saulnier, Gerard Sillam. (Attachments: # 1 Exhibit A – Verified Complaint, # 2 Exhibit B – Sillam Affidavit, # 3 Exhibit C – Descoubes Agreement, # 4 Exhibit D – Email Exchange dated March 1, 2007, # 5 Exhibit E – Consulting Agreement, # 6 Exhibit F – Global Settlement Agreement, # 7 Exhibit G – Sillam Settlement Agreement, # 8 Exhibit H – Keller Declarations, # 9 Exhibit I – Universal Settlement Agreement, # 10 Exhibit J – Reuters Article, # 11 Exhibit K – Email "Claims Filing", # 12 Exhibit L – Criminal Complaint, # 13 Exhibit M – Affidavit of Sophie Larroque).(Reda, Douglas) (Entered: 12/31/2021) |
| 01/14/2022 | 24 | REPLY MEMORANDUM OF LAW in Support re: 15 MOTION to Dismiss . . Document filed by Christopher J. Keller, Labaton Sucharow LLP, Lawrence A. Sucharow..(Miller, Yoram) (Entered: 01/14/2022) |
| 03/16/2022 | 25 | NOTICE with respect to 15 Motion to Dismiss. According to court records, this action was commenced on August 6, 2021 – six years and one month after the Keller Declaration was sent to Plaintiffs. The claims asserted in Counts 1 and 2 thus appear to be time–barred under the six–year statute of limitations applicable to the causes of action asserted in Counts I and II. The same six–year rule applies to the aiding and abetting claim. Moreover, as I read the papers, Plaintiffs cannot take advantage of the "two years from discovery" rule, because they allege that they discovered the fraud in November 2017 – well within the six–year period and more than two years prior to the date they filed suit. I have no desire to prolong a lawsuit that is amenable to dismissal on a technicality. However, I cannot do so without giving the parties an opportunity to |

| | | |
|---|---|---|
| | | explain what is – or is not – wrong with my analysis. I will give the parties five business days to respond to this notice.. (Signed by Judge Colleen McMahon on 3/16/2022) BY ECF TO ALL COUNSEL (kv) (Entered: 03/16/2022) |
| 03/22/2022 | 26 | FIRST LETTER addressed to Judge Colleen McMahon from Douglas M. Reda dated March 22, 2022 re: Notice with respect to 15 Motion to Dismiss. Document filed by Aldric Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 03/22/2022) |
| 03/23/2022 | 27 | LETTER addressed to Judge Colleen McMahon from Mark C. Zauderer dated March 23, 2022 re: Judge McMahon's March 16, 2022 Notice with Respect to Motion to Dismiss. Document filed by Christopher J. Keller, Labaton Sucharow LLP, Lawrence A. Sucharow..(Miller, Yoram) (Entered: 03/23/2022) |
| 04/05/2022 | 28 | DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS re: 15 MOTION to Dismiss . filed by Christopher J. Keller, Lawrence A. Sucharow, Labaton Sucharow LLP. For the reasons discussed above, Defendants' motion to dismiss is GRANTED to the extent of dismissing Counts II and III in their entirety. It is DENIED insofar as Count I is concerned. The Clerk of Court is respectfully directed to remove the motion at Docket Number 15 from the Court's list of open motions. This constitutes a written opinion. (Signed by Judge Colleen McMahon on 4/5/2022) BY ECF TO ALL COUNSEL (kv) (Entered: 04/05/2022) |
| 04/13/2022 | 29 | MOTION for Reargument ., MOTION for Reconsideration . Document filed by Christopher J. Keller, Labaton Sucharow LLP, Lawrence A. Sucharow..(Miller, Yoram) (Entered: 04/13/2022) |
| 04/13/2022 | 30 | MEMORANDUM OF LAW in Support re: 29 MOTION for Reargument . MOTION for Reconsideration . . Document filed by Christopher J. Keller, Labaton Sucharow LLP, Lawrence A. Sucharow..(Miller, Yoram) (Entered: 04/13/2022) |
| 04/14/2022 | 31 | LETTER MOTION for Extension of Time to File Answer re: 1 Complaint addressed to Judge Colleen McMahon from Mark C. Zauderer dated April 14, 2022. Document filed by Christopher J. Keller, Labaton Sucharow LLP, Lawrence A. Sucharow..(Miller, Yoram) (Entered: 04/14/2022) |
| 04/18/2022 | 32 | NOTICE: Plaintiffs have until Monday, April 25, 2022 to file any response to the pending motion for reconsideration. (Dkt. No. 29). Responses due by 4/25/2022 (Signed by Judge Colleen McMahon on 4/18/2022) BY ECF TO ALL COUNSEL (kv) (Entered: 04/18/2022) |
| 04/20/2022 | 33 | FIRST LETTER MOTION for Extension of Time to File Response/Reply as to 30 Memorandum of Law in Support of Motion addressed to Judge Colleen McMahon from Douglas M. Reda dated April 20, 2022. Document filed by Aldric Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 04/20/2022) |
| 04/20/2022 | 34 | LETTER addressed to Judge Colleen McMahon from Mark C. Zauderer dated April 20, 2022 re: Scheduling of Motion to Reconsider and Answer to Complaint. Document filed by Christopher J. Keller, Labaton Sucharow LLP, Lawrence A. Sucharow..(Miller, Yoram) (Entered: 04/20/2022) |
| 04/21/2022 | 35 | ORDER granting 31 Letter Motion for Extension of Time to Answer re 31 LETTER MOTION for Extension of Time to File Answer re: 1 Complaint addressed to Judge Colleen McMahon from Mark C. Zauderer dated April 14, 2022. Granted. (Signed by Judge Colleen McMahon on 4/21/2022) (kv) (Entered: 04/21/2022) |
| 04/21/2022 | | Set/Reset Deadlines: Responses due by 5/2/2022 (kv) (Entered: 04/21/2022) |
| 05/02/2022 | 36 | MEMORANDUM OF LAW in Opposition re: 29 MOTION for Reargument . MOTION for Reconsideration . . Document filed by Aldric Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 05/02/2022) |
| 05/02/2022 | 37 | REPLY MEMORANDUM OF LAW in Support re: 29 MOTION for Reargument . MOTION for Reconsideration . . Document filed by Christopher J. Keller, Labaton Sucharow LLP, Lawrence A. Sucharow..(Miller, Yoram) (Entered: 05/02/2022) |
| 05/09/2022 | 38 | ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION re: 29 MOTION for Reargument . MOTION for Reconsideration . filed by Christopher J. |

| | | Keller, Lawrence A. Sucharow, Labaton Sucharow LLP. In accordance with the foregoing decision, Defendants' motion for reconsideration is DENIED. This constitutes the opinion and order of the court. It is a written opinion. The Clerk is directed to close the motion at Docket Number 29. (Signed by Judge Colleen McMahon on 5/9/2022) BY ECF TO ALL COUNSEL (kv) (Entered: 05/09/2022) |
|---|---|---|
| 05/19/2022 | 39 | ANSWER to 1 Complaint. Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Miller, Yoram) (Entered: 05/19/2022) |
| 06/06/2022 | 40 | PROPOSED CASE MANAGEMENT PLAN. Document filed by Aldric Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 06/06/2022) |
| 06/07/2022 | 41 | CIVIL CASE MANAGEMENT PLAN (For all cases except those exempt per individual Rules): This case is to be tried to a jury. Amended Pleadings due by 9/1/2022. Joinder of Parties due by 9/1/2022. Expert Discovery due by 10/31/2022. Discovery due by 10/31/2022. Pretrial Order due by 11/30/2022. (Signed by Judge Colleen McMahon on 6/7/2022) (kv) (Entered: 06/07/2022) |
| 09/09/2022 | 42 | LETTER MOTION for Discovery *requesting an order of reference to the assigned Magistrate Judge* addressed to Judge Colleen McMahon from Mark C. Zauderer dated September 9, 2022. Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Miller, Yoram) (Entered: 09/09/2022) |
| 09/13/2022 | 43 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non–dispositive pretrial motions, and settlement). Referred to Magistrate Judge Ona T. Wang. SO ORDERED. (Signed by Judge Colleen McMahon on 9/13/2022) ***Motion(s) terminated: 42 LETTER MOTION for Discovery *requesting an order of reference to the assigned Magistrate Judge* addressed to Judge Colleen McMahon from Mark C. Zauderer dated September 9, 2022. filed by Christopher J. Keller, Labaton Sucharow LLP . (vfr) Modified on 9/13/2022 (vfr). (Entered: 09/13/2022) |
| 09/14/2022 | 44 | ORDER. The parties shall file a joint letter by September 30, 2022, outlining the status of discovery, any discovery issues, and any proposed relief. (HEREBY ORDERED by Magistrate Judge Ona T. Wang) (Text Only Order) (sfh) (Entered: 09/14/2022) |
| 09/30/2022 | 45 | JOINT LETTER MOTION for Discovery addressed to Magistrate Judge Ona T. Wang from Douglas M. Reda, Mark C. Zauderer and Ira B. Matetsky dated September 30, 2022. Document filed by Aldric Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 09/30/2022) |
| 10/04/2022 | 46 | ORDER granting 45 Letter Motion for Discovery. The Court has reviewed ECF 45. The Court will hold an in–person status conference in this matter on Thursday, October 20, 2022, at 11:30 a.m. in Courtroom 20D, 500 Pearl Street, New York, NY 10007. The parties shall file a joint conference agenda by October 17, 2022. The Clerk of Court is respectfully directed to close ECF 45. SO ORDERED. (Signed by Magistrate Judge Ona T. Wang on 10/4/2022) (vfr) (Entered: 10/04/2022) |
| 10/04/2022 | | Set/Reset Hearings: Status Conference set for 10/20/2022 at 11:30 AM in Courtroom 20D, 500 Pearl Street, New York, New York 10007 before Magistrate Judge Ona T. Wang. (vfr) (Entered: 10/04/2022) |
| 10/06/2022 | 47 | FIRST LETTER MOTION to Adjourn Conference *dated October 20, 2022* addressed to Magistrate Judge Ona T. Wang from Douglas M. Reda dated October 6, 2022. Document filed by Aldric Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 10/06/2022) |
| 10/07/2022 | 48 | ORDER granting 47 Letter Motion to Adjourn Conference. Application GRANTED. The status conference scheduled for October 20, 2022 is adjourned to Thursday, November 3, 2022, at 3:00 p.m. The parties shall file a joint conference agenda by October 31, 2022. SO ORDERED. Status Conference set for 11/3/2022 at 03:00 PM before Magistrate Judge Ona T. Wang.. (Signed by Magistrate Judge Ona T. Wang on 10/7/2022) (rro) (Entered: 10/07/2022) |
| 10/20/2022 | 49 | JOINT LETTER MOTION for Extension of Time to Complete Discovery *and Pretrial Order* addressed to Judge Colleen McMahon from Douglas M. Reda, Mark C. Zauderer and Ira B. Matetsky dated October 20, 2022. Document filed by Aldric |

| | | Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 10/20/2022) |
|---|---|---|
| 10/24/2022 | 50 | ORDER granting 49 Letter Motion for Extension of Time to Complete Discovery. OK. (Signed by Judge Colleen McMahon on 10/24/2022) (ks) (Entered: 10/24/2022) |
| 10/24/2022 | | Set/Reset Deadlines: Discovery due by 2/28/2023. Expert Discovery due by 2/28/2023. Fact Discovery due by 2/28/2023. Pretrial Order due by 3/31/2023. (ks) (Entered: 10/24/2022) |
| 10/31/2022 | 51 | JOINT LETTER MOTION for Discovery *Agenda re: Status Conference dated November 3, 2022* addressed to Magistrate Judge Ona T. Wang from Douglas M. Reda, Mark C. Zauderer and Ira B. Matetsky dated October 31, 2022. Document filed by Aldric Saulnier, Gerard Sillam. (Attachments: # 1 Exhibit Joint Letter Dated September 30, 2022).(Reda, Douglas) (Entered: 10/31/2022) |
| 11/01/2022 | 52 | ORDER. The in–person status conference scheduled for Thursday, November 3, 2022, at 3:00 p.m. is adjourned to Thursday, November 3, 2022, at 10:00 a.m. in Courtroom 20D, 500 Pearl Street, New York, NY 10007. (HEREBY ORDERED by Magistrate Judge Ona T. Wang) (Text Only Order) (jhw) (Entered: 11/01/2022) |
| 11/03/2022 | 53 | ORDER terminating 51 Letter Motion for Discovery. Pursuant to rulings made on the record, the parties shall meet and confer regarding the terms of their proposed confidentiality stipulation, and file their proposed confidentiality stipulation by November 4, 2022. The parties shall further meet and confer on the timing and location of Plaintiffs' depositions, which may take place either in–person in France or another mutually agreeable location, or remotely via video deposition. The parties are to file a joint status letter by November 10, 2022, informing the Court of when and how the depositions are to proceed. The parties shall also file a joint status letter by December 16, 2022, identifying any outstanding discovery disputes, the parties' respective positions on the disputes, and the parties' attempts to resolve those disputes without Court intervention. The Clerk of Court is respectfully directed to close ECF 51. SO ORDERED. (Signed by Magistrate Judge Ona T. Wang on 11/3/2022) (rro) (Entered: 11/03/2022) |
| 11/03/2022 | | Minute Entry for proceedings held before Magistrate Judge Ona T. Wang: Status Conference held on 11/3/2022. (Quinn, Diane) (Entered: 12/01/2022) |
| 11/04/2022 | 54 | LETTER addressed to Magistrate Judge Ona T. Wang from Ira Brad Matetsky dated November 4, 2022 re: Stipulation and Proposed Confidentiality Order. Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Miller, Yoram) (Entered: 11/04/2022) |
| 11/04/2022 | 55 | PROPOSED STIPULATION AND ORDER. Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Miller, Yoram) (Entered: 11/04/2022) |
| 11/07/2022 | 56 | STIPULATION AND CONFIDENTIALITY ORDER...regarding procedures to be followed that shall govern the handling of confidential material... SO ORDERED. (Signed by Magistrate Judge Ona T. Wang on 11/7/2022) (vfr) (Entered: 11/07/2022) |
| 11/07/2022 | 57 | STIPULATION AND CONFIDENTIALITY ORDER...regarding procedures to be followed that shall govern the handling of confidential material... SO ORDERED. (Signed by Judge Colleen McMahon on 11/7/2022) (kv) (Entered: 11/07/2022) |
| 11/10/2022 | 58 | JOINT LETTER addressed to Magistrate Judge Ona T. Wang from Douglas Reda, Mark C. Zauderer and Ira Brad Matetsky dated November 10, 2022 re: Location of Depositions. Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Miller, Yoram) (Entered: 11/10/2022) |
| 11/15/2022 | 59 | ORDER: The Court has reviewed ECF 58. To the extent that ECF 58 is a motion for reconsideration of the Court's oral ruling on the location of Plaintiffs' depositions (see ECF 53), the parties are directed to brief the issue as follows: Defendants are specifically directed to address what new facts, information, or law they are now in receipt of that they could not have raised previously. Defendants shall also specify why remote depositions are not feasible. Defendants shall support their motion with citations to relevant statutes and case law. Defendants' motion is due November 23, 2022. Plaintiffs' response is due November 28, 2022. Defendants' reply, if any, is due December 2, 2022. The parties' papers shall not exceed 20 pages double–spaced. The Court will hold an in–person hearing in this matter on Wednesday, December 14, |

| | | |
|---|---|---|
| | | 2022, at 2:00 p.m. in Courtroom 20D, 500 Pearl Street, New York, NY 10007. SO ORDERED. (Signed by Magistrate Judge Ona T. Wang on 11/15/2022) ( Motions due by 11/23/2022., Responses due by 11/28/2022, Replies due by 12/2/2022., Status Conference set for 12/14/2022 at 02:00 PM in Courtroom 20D, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Ona T. Wang.) (ks) (Entered: 11/15/2022) |
| 11/23/2022 | 60 | MOTION to Compel Plaintiffs to appear for their depositions in person at the offices of defense counsel in New York . Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Miller, Yoram) (Entered: 11/23/2022) |
| 11/23/2022 | 61 | MEMORANDUM OF LAW in Support re: 60 MOTION to Compel Plaintiffs to appear for their depositions in person at the offices of defense counsel in New York . . Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Miller, Yoram) (Entered: 11/23/2022) |
| 11/23/2022 | 62 | DECLARATION of Mark C. Zauderer, Esq. in Support re: 60 MOTION to Compel Plaintiffs to appear for their depositions in person at the offices of defense counsel in New York .. Document filed by Christopher J. Keller, Labaton Sucharow LLP. (Attachments: # 1 Exhibit A – Notice of Plaintiffs' Depositions, # 2 Exhibit B – Passport of Gerard Sillam, # 3 Exhibit C – Plaintiffs' Responses to Second Set of Document Requests, # 4 Exhibit D– Transcript from November 3, 2022 Conference, # 5 Exhibit E – Affidavit of Sophie Larroque, # 6 Exhibit F– Press Releases Issued by Sophie Larroque).(Miller, Yoram) (Entered: 11/23/2022) |
| 11/23/2022 | 63 | DECLARATION of Andrew Noel Tetley in Support re: 60 MOTION to Compel Plaintiffs to appear for their depositions in person at the offices of defense counsel in New York .. Document filed by Christopher J. Keller, Labaton Sucharow LLP. (Attachments: # 1 Exhibit A – CV of Andrew Tetley, # 2 Exhibit B – The Hague Convention on the Taking of Evidence Abroad, # 3 Exhibit C – Declarations and Reservations by France (English and French), # 4 Exhibit D – Questionnaire on the Taking of Evidence by Video (English and French)).(Miller, Yoram) (Entered: 11/23/2022) |
| 11/23/2022 | 64 | DECLARATION of Natasha Tardif in Support re: 60 MOTION to Compel Plaintiffs to appear for their depositions in person at the offices of defense counsel in New York .. Document filed by Christopher J. Keller, Labaton Sucharow LLP. (Attachments: # 1 Exhibit A – CV of Natasha Tardif).(Miller, Yoram) (Entered: 11/23/2022) |
| 11/28/2022 | 65 | MEMORANDUM OF LAW in Opposition re: 60 MOTION to Compel Plaintiffs to appear for their depositions in person at the offices of defense counsel in New York . *Defendants' Motion For Reconsideration or Reargument*. Document filed by Aldric Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 11/28/2022) |
| 11/28/2022 | 66 | AFFIRMATION of Douglas M. Reda in Opposition re: 60 MOTION to Compel Plaintiffs to appear for their depositions in person at the offices of defense counsel in New York .. Document filed by Aldric Saulnier, Gerard Sillam. (Attachments: # 1 Exhibit A: Joint Letter dated 9–30–22, # 2 Exhibit B: Proposed Agenda 10–31–22, # 3 Exhibit C: Transcript of November 3, 2022 Status Conference, # 4 Exhibit D: Joint Letter dated 11–10–22, # 5 Exhibit E: Email dated 9–6–22, # 6 Exhibit F: Email dated 9–16–22, # 7 Exhibit G: Plaintiffs' Responses to Defendants' Second Set of Document Requests).(Reda, Douglas) (Entered: 11/28/2022) |
| 12/02/2022 | 67 | REPLY MEMORANDUM OF LAW in Support re: 60 MOTION to Compel Plaintiffs to appear for their depositions in person at the offices of defense counsel in New York . . Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Miller, Yoram) (Entered: 12/02/2022) |
| 12/06/2022 | 68 | TRANSCRIPT of Proceedings re: CONFERENCE held on 11/3/2022 before Magistrate Judge Ona T. Wang. Court Reporter/Transcriber: Andrew Walker, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/27/2022. Redacted Transcript Deadline set for 1/6/2023. Release of Transcript Restriction set for 3/6/2023..(McGuirk, Kelly) (Entered: 12/06/2022) |
| 12/06/2022 | 69 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 11/3/2022 has been filed by |

| | | the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 12/06/2022) |
|---|---|---|
| 12/13/2022 | 70 | ORDER: The Court has reviewed the parties' papers regarding the location of Plaintiffs' pending depositions, ECF Nos. 60–67. The Court requires greater briefing concerning the application of Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa, 482 U.S. 522 (1987). To that end, the parties shall file supplemental briefing, not to exceed five pages, explaining to the Court 1) how Societe Nationale (and its progeny) informs their dispute and 2) why Plaintiffs' offers to sign affidavits or go on the record releasing their rights to file criminal legal proceedings against Defendants and their attorneys are not sufficient to resolve the dispute. Defendants' supplemental briefing is due December 23, 2022. Plaintiffs' supplemental briefing is due January 6, 2023. The status conference scheduled for December 14, 2022 is hereby adjourned to Tuesday, January 10, 2023 at 10:30 a.m. in Courtroom 20D, 500 Pearl Street, New York, NY 10007. Status Conference set for 1/10/2023 at 10:30 AM in Courtroom 20D, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Ona T. Wang. (Signed by Magistrate Judge Ona T. Wang on 12/13/2022) (rro) (Entered: 12/13/2022) |
| 12/16/2022 | 71 | JOINT LETTER addressed to Magistrate Judge Ona T. Wang from Douglas M. Reda, Mark C. Zauderer and Ira B. Matetsky dated December 16, 2022 re: Outstanding Discovery Disputes. Document filed by Aldric Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 12/16/2022) |
| 12/23/2022 | 72 | SUPPLEMENTAL MEMORANDUM OF LAW in Support re: 60 MOTION to Compel Plaintiffs to appear for their depositions in person at the offices of defense counsel in New York . . Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Miller, Yoram) (Entered: 12/23/2022) |
| 12/23/2022 | 73 | DECLARATION of Natasha Tardif in Support re: 60 MOTION to Compel Plaintiffs to appear for their depositions in person at the offices of defense counsel in New York .. Document filed by Christopher J. Keller, Labaton Sucharow LLP. (Attachments: # 1 Exhibit A – CV of Natasha Tardif).(Miller, Yoram) (Entered: 12/23/2022) |
| 12/27/2022 | 74 | LETTER MOTION to Adjourn Conference addressed to Magistrate Judge Ona T. Wang from Mark C. Zauderer dated December 27, 2022. Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Miller, Yoram) (Entered: 12/27/2022) |
| 01/04/2023 | 75 | SUPPLEMENTAL MEMORANDUM OF LAW in Opposition re: 60 MOTION to Compel Plaintiffs to appear for their depositions in person at the offices of defense counsel in New York . . Document filed by Aldric Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 01/04/2023) |
| 01/04/2023 | 76 | ORDER granting 74 Letter Motion to Adjourn Conference. The Court has reviewed ECF 74. The Initial Case Management Conference previously scheduled for January 10, 2023, is hereby adjourned to Wednesday, January 25, 2023 at 12:00 p.m. in Courtroom 20D, 500 Pearl Street, New York, NY 10007. The parties shall submit a joint conference agenda by January 23, 2023. The Clerk of Court is respectfully directed to close ECF 74. Initial Conference set for 1/25/2023 at 12:00 PM in Courtroom 20D, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Ona T. Wang. (Signed by Magistrate Judge Ona T. Wang on 1/4/2023) (rro) (Entered: 01/04/2023) |
| 01/23/2023 | 77 | LETTER addressed to Magistrate Judge Ona T. Wang from Douglas Reda and Mark Zauderer dated January 23, 2023 re: Agenda for January 25, 2023 Conference. Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Miller, Yoram) (Entered: 01/23/2023) |
| 01/25/2023 | 78 | LETTER addressed to Magistrate Judge Ona T. Wang from Budes–Hilaire de La Roche dated 12/23/2022 re: subpoena to provide documents..(rro) (Entered: 01/25/2023) |
| 01/25/2023 | 80 | Minute Entry for proceedings held before Magistrate Judge Ona T. Wang: Status Conference held on 1/25/2023. (Quinn, Diane) (Entered: 02/02/2023) |

| | | |
|---|---|---|
| 01/26/2023 | <u>79</u> | ORDER terminating <u>60</u> Letter Motion to Compel. The Court held a status conference in this matter on January 24, 2023. Pursuant to rulings made on the record at the status conference, Plaintiffs' counsel is directed to provide to defense counsel, by February 10, 2023, documents relevant to Plaintiff Saulnier's reasons for seeking to be deposed in France. These documents are not to be filed on the docket and not to be mailed to Chambers. After receipt and review of those documents, counsel are directed to meet and confer in good faith to schedule M. Saulnier's deposition on consent. With respect to the issue of M. Sillam's deposition, Defendants may elect whether to conduct a deposition of M. Sillam remotely or in−person in France. The parties are directed to work together in good faith to agree to the particular circumstances and logistics of the deposition, including but not limited to providing affidavits from Plaintiffs to address the concerns raised by defense counsel about frivolous proceedings brought by Plaintiffs or their French counsel in France. The parties shall file a joint status letter by February 17, 2023, in which they are to propose a new discovery end date, to discuss the status and scheduling of both Plaintiffs' depositions, and to identify any other discovery issues they may have at that time. The Clerk of Court is respectfully directed to close ECF 60. SO ORDERED. (Signed by Magistrate Judge Ona T. Wang on 1/26/2023) (rro) (Entered: 01/26/2023) |
| 02/03/2023 | <u>81</u> | TRANSCRIPT of Proceedings re: CONFERENCE held on 1/25/2023 before Magistrate Judge Ona T. Wang. Court Reporter/Transcriber: Carole Ludwig, (212) 420−0771. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/24/2023. Redacted Transcript Deadline set for 3/6/2023. Release of Transcript Restriction set for 5/4/2023. (js) (Entered: 02/03/2023) |
| 02/03/2023 | <u>82</u> | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 1/25/2023 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(js) (Entered: 02/03/2023) |
| 02/16/2023 | <u>83</u> | JOINT LETTER addressed to Magistrate Judge Ona T. Wang from Douglas M. Reda, Mark C. Zauderer and Ira B. Matetsky dated February 17, 2023 re: Depositions and Discovery. Document filed by Aldric Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 02/16/2023) |
| 02/21/2023 | <u>84</u> | MEMO ENDORSEMENT on re: <u>83</u> Letter filed by Gerard Sillam, Aldric Saulnier. ENDORSEMENT: The extension is fine. SO ORDERED. (Discovery due by 6/30/2023., Expert Discovery due by 6/30/2023., Fact Discovery due by 6/30/2023., Pretrial Order due by 7/31/2023.) (Signed by Judge Colleen McMahon on 2/21/2023) (kv) (Entered: 02/21/2023) |
| 03/10/2023 | <u>85</u> | JOINT LETTER addressed to Magistrate Judge Ona T. Wang from Douglas Reda and Mark C. Zauderer dated March 10, 2023 re: Proposed Hague Convention Orders for Plaintiffs' Depositions. Document filed by Christopher J. Keller, Labaton Sucharow LLP. (Attachments: # <u>1</u> Exhibit Proposed Hague Convention Application (Letter of Request), # <u>2</u> Exhibit Proposed Order Appointing Commissioner).(Miller, Yoram) (Entered: 03/10/2023) |
| 03/13/2023 | | LETTERS ROGATORY ISSUED on March 13, 2023, and picked up by Ganfer Shore Leeds & Zauderer LLP, and to be served in France.(km) (Entered: 03/13/2023) |
| 06/26/2023 | <u>86</u> | THIRD LETTER addressed to Magistrate Judge Ona T. Wang from Douglas M. Reda dated June 26, 2023 re: Discovery Extension. Document filed by Aldric Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 06/26/2023) |
| 06/26/2023 | <u>87</u> | LETTER addressed to Magistrate Judge Ona T. Wang from Ira Brad Matetsky dated June 26, 2023 re: Plaintiffs proposed extension of the discovery cut−off date and the pretrial order deadline. Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Miller, Yoram) (Entered: 06/26/2023) |
| 06/27/2023 | <u>88</u> | LETTER addressed to Magistrate Judge Ona T. Wang from Douglas M. Reda dated June 27, 2023 re: Defendants' Letter Response [Docket 87]. Document filed by Aldric |

| | | |
|---|---|---|
| | | Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 06/27/2023) |
| 06/28/2023 | 89 | MEMO ENDORSEMENT on re: 88 Letter filed by Gerard Sillam, Aldric Saulnier. ENDORSEMENT: Extension granted. Discovery must be completed by August 15, 2023. Joint pre–trial order due September 29, 2023. SO ORDERED. (Discovery due by 8/15/2023., Expert Discovery due by 8/15/2023., Fact Discovery due by 8/15/2023., Pretrial Order due by 9/29/2023.) (Signed by Judge Colleen McMahon on 6/28/2023) (kv) (Entered: 06/28/2023) |
| 07/12/2023 | 90 | MOTION to Compel Battea Class Action Services, Gilardi & Co, LLC, and Rust Consulting to Produce Documents . Document filed by Aldric Saulnier, Gerard Sillam. Return Date set for 8/7/2023 at 10:00 AM..(Reda, Douglas) (Entered: 07/12/2023) |
| 07/12/2023 | 91 | DECLARATION of Douglas M. Reda in Support re: 90 MOTION to Compel Battea Class Action Services, Gilardi & Co, LLC, and Rust Consulting to Produce Documents .. Document filed by Aldric Saulnier, Gerard Sillam. (Attachments: # 1 Exhibit Battea Class Action Subpoena dated 1–17–2023, # 2 Exhibit Battea Class Action Subpoena dated 4–26–2023, # 3 Exhibit Battea Affidavit of Service dated 2–13–23, # 4 Exhibit Battea Affidavit of Service dated 5–8–2023, # 5 Exhibit Gilardi & Co LLC Subpoena dated 1–17–2023, # 6 Exhibit Gilardi & Co LLC Subpoena dated 4–26–2023, # 7 Exhibit Gilardi Affidavit of Service dated 2–13–2023, # 8 Exhibit Gilardi Affidavit of Service dated 5–4–2023, # 9 Exhibit Rust Consulting Subpoena dated 1–17–2023, # 10 Exhibit Rust Consulting Subpoena dated 4–26–2023, # 11 Exhibit Rust Affidavit of Service dated 2–16–2023, # 12 Exhibit Rust Affidavit of Service dated 5–09–2023).(Reda, Douglas) (Entered: 07/12/2023) |
| 07/12/2023 | 92 | MEMORANDUM OF LAW in Support re: 90 MOTION to Compel Battea Class Action Services, Gilardi & Co, LLC, and Rust Consulting to Produce Documents . . Document filed by Aldric Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 07/12/2023) |
| 07/12/2023 | 93 | AFFIRMATION of Douglas M. Reda in Support re: 90 MOTION to Compel Battea Class Action Services, Gilardi & Co, LLC, and Rust Consulting to Produce Documents .. Document filed by Aldric Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 07/12/2023) |
| 07/14/2023 | 94 | LETTER MOTION to Compel *dated July 12, 2023 [Docket No. 90]* addressed to Magistrate Judge Ona T. Wang from Douglas M. Reda dated July 14, 2023. Document filed by Aldric Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 07/14/2023) |
| 07/19/2023 | 95 | MOTION for Kenneth Pascal Abbarno to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–28020337. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Kenneth Pascal Abbarno. (Attachments: # 1 Affidavit Affidavit of Kenneth P. Abbarno, # 2 Text of Proposed Order Proposed Order Granting Pro Hac Vice Admission).(Abbarno, Kenneth) (Entered: 07/19/2023) |
| 07/19/2023 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 95 MOTION for Kenneth Pascal Abbarno to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–28020337. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (dsh)** (Entered: 07/19/2023) |
| 07/24/2023 | 96 | NOTICE OF APPEARANCE by Peter Guirguis on behalf of RUST CONSULTING INC...(Guirguis, Peter) (Entered: 07/24/2023) |
| 07/24/2023 | 97 | PROPOSED STIPULATION AND ORDER. Document filed by RUST CONSULTING INC...(Guirguis, Peter) (Entered: 07/24/2023) |
| 07/25/2023 | 98 | ORDER FOR ADMISSION PRO HAC VICE granting 95 Motion for Kenneth P. Abbarno to Appear Pro Hac Vice. IT IS HEREBY ORDERED that Applicant is admitted to practice pro hac vice in the above–captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing discipline of attorneys. (Signed by Judge Colleen McMahon on 7/25/2023) (mml) (Entered: 07/25/2023) |
| 07/25/2023 | 99 | JOINT STIPULATION: IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the respective parties hereto that the time in which nonparty |

| | | Rust Consulting Inc. may respond to Plaintiffs' Subpoenas is hereby extended to August 7, 2023. So Ordered. (Signed by Judge Colleen McMahon on 7/25/2023) (mml) (Entered: 07/25/2023) |
|---|---|---|
| 07/28/2023 | 100 | SECOND LETTER MOTION to Compel addressed to Magistrate Judge Ona T. Wang from Douglas M. Reda dated July 28, 2023. Document filed by Aldric Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 07/28/2023) |
| 07/31/2023 | 101 | ORDER denying as moot 90 Letter Motion to Compel. See ECF Nos. 94, 97, 99, 100. (HEREBY ORDERED by Magistrate Judge Ona T. Wang)(Text Only Order) (Wang, Ona) (Entered: 07/31/2023) |
| 07/31/2023 | 102 | ORDER denying as moot 94 Letter Motion to Compel. See ECF 97, 99, 100. (HEREBY ORDERED by Magistrate Judge Ona T. Wang)(Text Only Order) (Wang, Ona) (Entered: 07/31/2023) |
| 07/31/2023 | 103 | ORDER denying as moot 100 Letter Motion to Compel. Rust has agreed to provide responses by August 7, 2023, (see ECF 99), and thus there is no live controversy regarding the subpoena to Rust. (HEREBY ORDERED by Magistrate Judge Ona T. Wang)(Text Only Order) (Wang, Ona) (Entered: 07/31/2023) |
| 08/04/2023 | 104 | LETTER MOTION for Local Rule 37.2 Conference *regarding Request to Compel Plaintiffs to Provide Proper Responses to Defendants' Interrogatories,* addressed to Magistrate Judge Ona T. Wang from Mark C. Zauderer dated August 4, 2023. Document filed by Christopher J. Keller, Labaton Sucharow LLP. (Attachments: # 1 Exhibit A – Defendants' First Set of Interrogatories, # 2 Exhibit B – Plaintiff Gerard Sillam's Responses to Interrogatories, # 3 Exhibit C – Plaintiff Aldric Saulnier's Responses to Interrogatories, # 4 Exhibit D – Declarations of Plaintiffs Sillam and Saulnier (February 16, 2023), # 5 Exhibit E – Excerpts from Plaintiff Sillam's Deposition Transcript (May 12, 2023), # 6 Exhibit F – Affidavit of Plaintiff Sillam (December 31, 2021)).(Zauderer, Mark) (Entered: 08/04/2023) |
| 08/04/2023 | 105 | LETTER MOTION for Local Rule 37.2 Conference *in Response to Defendants' Letter Motion to Compel dated August 4, 2023* addressed to Magistrate Judge Ona T. Wang from Douglas M. Reda dated August 4, 2023. Document filed by Aldric Saulnier, Gerard Sillam. (Attachments: # 1 Exhibit Exhibit A Defendants' First Set of Interrogatories to Plaintiffs combined, # 2 Exhibit Exhibit B Defendants Objections and Responses to Plaintiffs' First Set of Interrogatories, # 3 Exhibit Exhibit C Plaintiffs' Responses to Defendants' First Set of Interrogatories, # 4 Exhibit Exhibit D Letter from Ira Matetsky dated July 20, 2023).(Reda, Douglas) (Entered: 08/04/2023) |
| 08/07/2023 | 106 | PROPOSED STIPULATION AND ORDER. Document filed by RUST CONSULTING INC...(Guirguis, Peter) (Entered: 08/07/2023) |
| 08/07/2023 | 107 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Ona T. Wang from Mark C. Zauderer dated August 7, 2023 re: 104 LETTER MOTION for Local Rule 37.2 Conference *regarding Request to Compel Plaintiffs to Provide Proper Responses to Defendants' Interrogatories,* addressed to Magistrate Judge Ona T. Wang from Mark C. Zauderer dated August 4, 2023. . Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Zauderer, Mark) (Entered: 08/07/2023) |
| 08/09/2023 | 108 | ORDER TO SHOW CAUSE:Accordingly, Plaintiffs are hereby ORDERED TO SHOW CAUSE in writing, by 9:00 a.m. on Monday, August 14, 2023, why I should not find Sillam to have breached the promises contained in his Declaration, which was entered into to persuade the Court to order depositions to take place in France. If Defendants seek any sanctions or remedial action under Paragraph 6 of the Sillam Declaration, they shall file a letter motion no later than 9:00 a.m. on Monday, August 14, 2023. There shall be no replies, and no appearance is necessary on August 14, 2023.Counsel are directed to appear for the in–person show cause hearing on Tuesday, August 15, 2023 at 11:00 a.m. in Courtroom 20D, 500 Pearl Street, New York, NY 10007. Show Cause Hearing set for 8/15/2023 at 11:00 AM in Courtroom 20D, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Ona T. Wang. (Signed by Magistrate Judge Ona T. Wang on 8/9/2023) (rro) (Entered: 08/10/2023) |
| 08/09/2023 | | Set/Reset Deadlines: Motions due by 8/14/2023. (rro) (Entered: 08/10/2023) |

| 08/09/2023 | 109 | ORDER terminating 104 Letter Motion for Local Rule 37.2 Conference; terminating 105 Letter Motion for Local Rule 37.2 Conference. The Court rules as follows regarding the disputed interrogatories: Plaintiffs' letter, ECF 105, appears to admit that the basis for Plaintiffs' fraudulent inducement claim is now limited to Defendants' filing of proofs of claim, and does not include Defendants' representation of "Potential Clients" in class action litigation. (ECF 105 at 2). If Plaintiffs believe that Plaintiff Sillam's sworn affidavit does not so limit their claim, they must explain why, with evidentiary support, no later than Friday, August 11, 2023. Failure to file, with evidentiary support, by Friday, August 11, 2023, may be deemed an admission. The Court has further reviewed Interrogatories Nos. 1–7 and finds that the responses, even limited to proofs of claim as the sole basis for Plaintiffs' claim, are insufficient under Fed. R. Civ. P. 33. Accordingly, Plaintiffs are directed to provide responses to Interrogatories Nos. 1–7 that comply with Fed. R. Civ. P. 33 no later than Monday, August 14, 2023. The Court finds that Plaintiffs' response to Interrogatory No. 8, pointing only to a deposition without providing any citations, to be insufficient. (ECF 104–2 at 7). Accordingly, Plaintiffs are directed to fully answer Interrogatory No. 8, including by providing the requested calculation, by Monday, August 14, 2023. Alternatively, Plaintiff Sillam may sit for a further deposition, in the United States, to fully address this topic. Should Plaintiffs choose to address this issue via a third deposition of Mr. Sillam, they shall schedule one no later than Friday, September 1, 2023. Defendants' reply, ECF 107, is curiously silent after Plaintiffs' assertion that defense counsel has been provided "with a copy of every single subpoena sent in this matter, including every response from each non–party." (ECF 105 at 3). The Court interprets Defendants' non–response as a withdrawal of Interrogatory No. 12, which seeks identification of Plaintiffs' subpoenas and responses. The parties are directed to review my separate August 9, 2023, Order to Show Cause regarding Interrogatory No. 13. (Signed by Magistrate Judge Ona T. Wang on 8/9/2023) (rro) (Entered: 08/10/2023) |
| 08/11/2023 | 110 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – PROPOSED ORDER TO SHOW CAUSE WITHOUT EMERGENCY RELIEF. Document filed by Aldric Saulnier, Gerard Sillam. (Attachments: # 1 Proposed Order Proposed Order to Show Cause, # 2 Exhibit A – Defendants' Third Set of Document Requests, # 3 Exhibit B – Report re: Sillam, # 4 Exhibit C – Declarations, # 5 Exhibit D – Criminal Complaint, # 6 Exhibit E – Affirmation of Sophie Larroque) Related Document Number: 108 ..(Reda, Douglas) **Proposed Order to Show Cause to be reviewed by Clerk's Office staff.** Modified on 8/14/2023 (tp). (Entered: 08/11/2023) |
| 08/13/2023 | 111 | LETTER addressed to Magistrate Judge Ona T. Wang from Mark C. Zauderer dated August 13, 2023 re: Order to Show Cause dated August 9, 2023 [ECF No. 108]. Document filed by Christopher J. Keller, Labaton Sucharow LLP. (Attachments: # 1 Exhibit A – French Criminal Judgment, # 2 Exhibit B – Certified Translation of French Criminal Judgment, # 3 Exhibit C – Excerpts of Transcript of Sillam Deposition taken on May 5, 2023, # 4 Exhibit D – Excerpts of Transcript of Sillam Deposition taken on May 12, 2023).(Zauderer, Mark) (Entered: 08/13/2023) |
| 08/13/2023 | 112 | LETTER addressed to Magistrate Judge Ona T. Wang from Mark C. Zauderer dated August 13, 2023 re: Order dated August 9, 2023 [ECF No. 109]. Document filed by Christopher J. Keller, Labaton Sucharow LLP. (Attachments: # 1 Exhibit A – Sillam's Amended Responses to Defendants' First Set of Interrogatories, # 2 Exhibit B – Saulnier's Amended Responses to Defendants' First Set of Interrogatories).(Zauderer, Mark) (Entered: 08/13/2023) |
| 08/14/2023 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PROPOSED ORDER TO SHOW CAUSE WITHOUT EMERGENCY RELIEF. Notice to attorney Douglas Reda to RE–FILE Document No. 110 Proposed Order to Show Cause Without Emergency Relief. The filing is deficient for the following reason(s): the documents were not filed separately. Re–file the document separately using the event type Proposed Order to Show Cause Without Emergency Relief found under the event list Proposed Orders – any and all exhibits can be added as attachments to the Affirmation – select the correct filer/filers – attach the correct signed (scanned signature image) and dated PDF. (tp)** (Entered: 08/14/2023) |
| 08/14/2023 | 113 | PROPOSED ORDER TO SHOW CAUSE WITHOUT EMERGENCY RELIEF. Document filed by Aldric Saulnier, Gerard Sillam. Related Document Number: 108 ..(Reda, Douglas) **Proposed Order to Show Cause to be reviewed by Clerk's Office** |

| | | |
|---|---|---|
| | | **staff.** (Entered: 08/14/2023) |
| 08/14/2023 | 114 | LETTER addressed to Magistrate Judge Ona T. Wang from Douglas M. Reda dated August 14, 2023 re: Defendants LETTER addressed to Magistrate Judge Ona T. Wang [Docket No. 111]. Document filed by Aldric Saulnier, Gerard Sillam..(Reda, Douglas) (Entered: 08/14/2023) |
| 08/14/2023 | | ***NOTICE TO ATTORNEY REGARDING PROPOSED ORDER TO SHOW CAUSE WITHOUT EMERGENCY RELIEF. Notice to attorney Douglas Reda to FILE Supporting Documents (Affirmation, Affidavit or Declaration) to Proposed Order to Show Cause. (tp)** (Entered: 08/14/2023) |
| 08/14/2023 | 115 | AFFIRMATION of DOUGLAS M. REDA in Support re: 113 Proposed Order to Show Cause Without Emergency Relief,. Document filed by Gerard Sillam. (Attachments: # 1 Exhibit Defendants' Third Set of Document Requests, # 2 Exhibit Sillam Report, # 3 Exhibit Declarations, # 4 Exhibit Criminal Complaint, # 5 Exhibit Larroque Affirmation).(Reda, Douglas) (Entered: 08/14/2023) |
| 08/14/2023 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER TO SHOW CAUSE WITHOUT EMERGENCY RELIEF. Document No. 113 Proposed Order to Show Cause Without Emergency Relief, was reviewed and approved as to form. (tp)** (Entered: 08/14/2023) |
| 08/15/2023 | 116 | NOTICE OF APPEARANCE by Ira Brad Matetsky on behalf of Christopher J. Keller, Labaton Sucharow LLP..(Matetsky, Ira) (Entered: 08/15/2023) |
| 08/15/2023 | | Minute Entry for proceedings held before Magistrate Judge Ona T. Wang: Status Conference held on 8/15/2023. (Quinn, Diane) (Entered: 08/17/2023) |
| 08/16/2023 | 117 | ORDER Accordingly, Plaintiff Sillam is directed to submit supplemental briefing by Friday, September 8, 2023, as directed at the hearing. Such briefing should address, at a minimum, the chronology of events as discussed at the show cause hearing, and whether, on that chronology, Plaintiff Sillam breached the promises made in his declaration and whether and how French law required (or did not require) such action. The supplemental briefing shall also provide the status of any French criminal proceedings and be generally responsive to the issues raised by the Court at the hearing. Defendants' opposition, if any, is due by Friday, September 29, 2023. The parties are directed to refer to the transcript of the August 15, 2023, conference for additional details on the Courts rulings. SO ORDERED. (Signed by Magistrate Judge Ona T. Wang on 8/16/2023) (jca) (Entered: 08/16/2023) |
| 08/24/2023 | 118 | LETTER MOTION for Extension of Time addressed to Judge Colleen McMahon from Mark C. Zauderer dated August 24, 2023. Document filed by Christopher J. Keller, Labaton Sucharow LLP. (Attachments: # 1 Exhibit A – Transcript of Order to Show Cause Hearing held on August 15, 2023).(Zauderer, Mark) (Entered: 08/24/2023) |
| 08/25/2023 | 119 | ORDER terminating 118 Letter Motion for Extension of Time. Case stayed pending resolution of this issue. (Signed by Judge Colleen McMahon on 8/25/23) (yv) (Entered: 08/25/2023) |
| 08/25/2023 | | Case Stayed (yv) (Entered: 08/25/2023) |
| 09/05/2023 | 120 | FIRST LETTER MOTION for Extension of Time *by one week* addressed to Magistrate Judge Ona T. Wang from DOUGLAS M. REDA dated 09/05/2023. Document filed by Gerard Sillam..(Reda, Douglas) (Entered: 09/05/2023) |
| 09/06/2023 | 121 | ORDER: granting 120 Letter Motion for Extension of Time. Plaintiffs' request for a one–week extension is GRANTED. The memorandum of law is due Friday, September 15, 2023. SO ORDERED. (Signed by Magistrate Judge Ona T. Wang on 9/06/2023) (ama) (Entered: 09/06/2023) |
| 09/06/2023 | 122 | NOTICE OF CHANGE OF ADDRESS by Mark Carl Zauderer on behalf of Christopher J. Keller, Labaton Sucharow LLP. New Address: Dorf Nelson & Zauderer LLP, 475 Fifth Avenue, New York, New York, United States 10017, 212–485–0005..(Zauderer, Mark) (Entered: 09/06/2023) |
| 09/06/2023 | 123 | NOTICE OF CHANGE OF ADDRESS by Ira Brad Matetsky on behalf of Christopher J. Keller, Labaton Sucharow LLP. New Address: Dorf Nelson & Zauderer LLP, 475 |

| | | |
|---|---|---|
| | | Fifth Avenue, New York, New York, United States 10017, 212−485−0005..(Matetsky, Ira) (Entered: 09/06/2023) |
| 09/15/2023 | 124 | RELATED CASE AFFIRMATION of DOUGLAS M. REDA re: that this action be filed as related to 21−cv−06675 (CM). Document filed by Gerard Sillam. (Attachments: # 1 Exhibit Declaration of Sillam, # 2 Exhibit August 15, 2023 Hearing Transcript, # 3 Exhibit January 25, 2023 Hearing Transcript, # 4 Exhibit Memorandum of Law − Submitted by Mourad Battikh, dated September 15, 2023, # 5 Exhibit Affidavit of Sillam, dated September 15, 2023).(Reda, Douglas) (Entered: 09/15/2023) |
| 09/15/2023 | 125 | RELATED CASE AFFIRMATION of DOUGLAS M. REDA re: that this action be filed as related to 21−cv−06675 (CM). Document filed by Gerard Sillam..(Reda, Douglas) (Entered: 09/15/2023) |
| 09/15/2023 | 126 | RELATED CASE AFFIRMATION of DOUGLAS M. REDA re: that this action be filed as related to 1:21−cv−06675−CM−OTW. Document filed by Gerard Sillam. (Attachments: # 1 Exhibit Declaration of Sillam, # 2 Exhibit August 15, 2023 Hearing Transcript, # 3 Exhibit January 25, 2023 Hearing Transcript, # 4 Exhibit Memorandum of Law − Submitted by Mourad Battikh, dated September 15, 2023, # 5 Exhibit Affidavit of Sillam, dated September 15, 2023).(Reda, Douglas) (Entered: 09/15/2023) |
| 09/19/2023 | 127 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Magistrate Judge Ona T. Wang from Ira Brad Matetsky dated September 19, 2023. Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Matetsky, Ira) (Entered: 09/19/2023) |
| 09/20/2023 | 128 | ORDER granting 127 Letter Motion for Extension of Time to File Response/Reply re 127 LETTER MOTION for Extension of Time to File Response/Reply addressed to Magistrate Judge Ona T. Wang from Ira Brad Matetsky dated September 19, 2023. Application GRANTED. SO ORDERED. (Signed by Magistrate Judge Ona T. Wang on 9/20/2023) (rro) (Entered: 09/20/2023) |
| 10/06/2023 | 129 | FIRST LETTER addressed to Magistrate Judge Ona T. Wang from DOUGLAS M. REDA dated October 6, 2023 re: Ability to File Further Reply. Document filed by Gerard Sillam..(Reda, Douglas) (Entered: 10/06/2023) |
| 10/06/2023 | 130 | MEMORANDUM OF LAW *Regarding Plaintiff Sillam's Breaches of his Representations in his Declaration*. Document filed by Christopher J. Keller, Labaton Sucharow LLP. (Attachments: # 1 Appendix A − Memorandum of Defendants' French counsel, Olivier Morice and Natasha Tardif).(Zauderer, Mark) (Entered: 10/06/2023) |
| 10/06/2023 | 131 | DECLARATION of Mark C. Zauderer in Support re: 130 Memorandum of Law,. Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Zauderer, Mark) (Entered: 10/06/2023) |
| 10/06/2023 | 132 | DECLARATION of Ira Brad Matetsky in Support re: 130 Memorandum of Law,. Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Zauderer, Mark) (Entered: 10/06/2023) |
| 10/11/2023 | 133 | ORDER Plaintiffs' motion to file a further reply (ECF 129) is DENIED. (HEREBY ORDERED by Magistrate Judge Ona T. Wang) (Text Only Order) (ldp) (Entered: 10/11/2023) |
| 04/22/2024 | 134 | OPINION AND ORDER: Defendants are hereby directed to file, by Friday, May 3, 2024, factual support for an award of monetary sanctions under Rule 37(a)(5). Such support shall include, but is not limited to, contemporaneous billing records and, if necessary, communications with opposing counsel. Any privileged or confidential material may be filed in redacted form, with a fully unredacted copy filed under seal so that the Court may review the entire filing in camera. Plaintiffs' opposition to the amount of a monetary sanction shall be filed by Friday, May 10, 2024. If Plaintiffs intend to file any material they believe is privileged or confidential, they shall follow the same procedures in the first instance, and the Court will address motions to seal at a later date. The Court is also considering recommending or ordering harsher sanctions, whether under Fed. R. Civ. P. 16, 37(b) or (c), under 28 U.S.C. § 1927 (counsel's liability for excessive costs), and/or the Court's inherent authority. Defendants are directed also to brief whether a harsher sanction, such as dismissal, is warranted here, explaining the bases for the Court's authority. This brief shall also be |

| | | |
|---|---|---|
| | | filed on Friday, May 3, 2024, with Sillam's opposition due on Friday, May 10, 2024. Plaintiff Saulnier is directed to file, on Friday, May 10, 2024, a letter describing what discovery he believes remains outstanding in his case. Defendants' response, if any, is due on Friday, May 17, 2024. All discovery is STAYED until further order of the Court. (Brief due by 5/3/2024., Responses due by 5/10/2024, Responses to Brief due by 5/10/2024) (Signed by Magistrate Judge Ona T. Wang on 4/22/2024) (rro) (Entered: 04/22/2024) |
| 05/01/2024 | 135 | NOTICE OF APPEARANCE by Yen−Yi Anderson on behalf of Aldric Saulnier, Gerard Sillam..(Anderson, Yen−Yi) (Entered: 05/01/2024) |
| 05/01/2024 | 136 | NOTICE OF Substitution of Attorney. Old Attorney: Douglas M. Reda, New Attorney: Yen−Yi Anderson, Address: Anderson and Associates Law, P.C., 61 Broadway, Suite 2809, New York, NY, 10006, 6462019117. Document filed by Aldric Saulnier, Gerard Sillam..(Anderson, Yen−Yi) (Entered: 05/01/2024) |
| 05/03/2024 | 137 | FIRST LETTER MOTION for Extension of Time addressed to Magistrate Judge Ona T. Wang from Yen−Yi Anderson dated May 3, 2024. Document filed by Aldric Saulnier, Gerard Sillam..(Anderson, Yen−Yi) (Entered: 05/03/2024) |
| 05/03/2024 | 138 | MEMORANDUM OF LAW *Regarding Sanctions Against Plaintiff Gerard Sillam*. Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Zauderer, Mark) (Entered: 05/03/2024) |
| 05/03/2024 | 139 | DECLARATION of Mark C. Zauderer *Regarding Sanctions Against Plaintiff Gerard Sillam*. Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Zauderer, Mark) (Entered: 05/03/2024) |
| 05/03/2024 | 140 | DECLARATION of Ira Brad Matetsky *Regarding Sanctions Against Plaintiff Gerard Sillam*. Document filed by Christopher J. Keller, Labaton Sucharow LLP. (Attachments: # 1 Exhibit A − GSLZ time entries relating to Sillam declaration, # 2 Exhibit B − GSLZ time entries relating to Sillam deposition, # 3 Exhibit C − GSLZ and DNZ time entries relating to motion practice, # 4 Exhibit D − Commissioner's Invoice).(Zauderer, Mark) (Entered: 05/03/2024) |
| 05/03/2024 | 141 | DECLARATION of Natasha Tardif *Regarding Sanctions Against Plaintiff Gerard Sillam*. Document filed by Christopher J. Keller, Labaton Sucharow LLP. (Attachments: # 1 Exhibit "A" − Reed Smith time entries relating to Sillam deposition, # 2 Exhibit "B" − Reed Smith time entries relating to motion practice).(Zauderer, Mark) (Entered: 05/03/2024) |
| 05/03/2024 | 142 | ORDER denying 137 Letter Motion for Extension of Time. Application DENIED. SO ORDERED. (Signed by Magistrate Judge Ona T. Wang on 5/3/2024) (rro) (Entered: 05/03/2024) |
| 05/06/2024 | 143 | MOTION Objection pursuant to Fed. R. Civ. P. 72 . Document filed by Gerard Sillam. (Attachments: # 1 Exhibit Opinion and Order date April 22, 2024).(Anderson, Yen−Yi) (Entered: 05/06/2024) |
| 05/06/2024 | 144 | LETTER addressed to Judge Colleen McMahon from Yen−Yi Anderson dated May 6, 2024 re: Objection pursuant to Fed. R. Civ. P. 72. Document filed by Gerard Sillam..(Anderson, Yen−Yi) (Entered: 05/06/2024) |
| 05/10/2024 | 145 | MEMORANDUM OF LAW *opposing Sanctions Against Plaintiff Gerard Sillam*., MEMORANDUM OF LAW in Opposition . Document filed by Gerard Sillam. (Attachments: # 1 Affidavit Affidavit of Gerard Sillam).(Anderson, Yen−Yi) (Entered: 05/10/2024) |
| 05/10/2024 | 146 | LETTER addressed to Magistrate Judge Ona T. Wang from Yen−Yi Anderson dated May 10, 2024 re: outstanding discovery. Document filed by Aldric Saulnier..(Anderson, Yen−Yi) (Entered: 05/10/2024) |
| 05/13/2024 | 147 | RESPONSE in Opposition to Motion re: 143 MOTION Objection pursuant to Fed. R. Civ. P. 72 . . Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Zauderer, Mark) (Entered: 05/13/2024) |
| 05/13/2024 | 148 | LETTER addressed to Magistrate Judge Ona T. Wang from Ira Brad Matetsky dated May 13, 2024 re: submissions directed by the Court's Opinion and Order of April 22, |

| | | |
|---|---|---|
| | | 2024 (Dkt. 134). Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Matetsky, Ira) (Entered: 05/13/2024) |
| 05/13/2024 | 149 | LETTER addressed to Magistrate Judge Ona T. Wang from Ira Brad Matetsky dated May 13, 2024 re: discovery in Plaintiff Saulnier's case. Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Matetsky, Ira) (Entered: 05/13/2024) |
| 06/06/2024 | 150 | REPLY MEMORANDUM OF LAW in Support re: 143 MOTION Objection pursuant to Fed. R. Civ. P. 72 . . Document filed by Gerard Sillam..(Anderson, Yen−Yi) (Entered: 06/06/2024) |
| 06/07/2024 | 151 | LETTER addressed to Judge Colleen McMahon from Mark C. Zauderer dated June 7, 2024 re: Plaintiff Gerard Sillam's Reply to Defendants' Response to the Objection to Magistrate Judge's Opinion and Order. Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Zauderer, Mark) (Entered: 06/07/2024) |
| 06/24/2024 | 152 | DECISION AND ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER FOR SANCTIONS AND DENYING THE PLAINTIFF'S OBJECTIONS. Magistrate Judge Wang's finding that Sillam acted in bad faith and intentionally broke his promises were not clearly erroneous or contrary to law. For these reasons, her order directing that Sillam be sanctioned is AFFIRMED and Sillam' s objections to that order are OVERRULED. Future Misconduct Warning. I include the following section to inform Magistrate Judge Wang's consideration of whether further sanctions should be imposed. Sillam's behavior throughout this lawsuit has been, to put it mildly, difficult. Either it stops now or he cannot maintain this lawsuit. This court will not tolerate further abusive behavior on his part. Abusive behavior includes filing lawsuits or criminal action in France that relate in any way to this lawsuit, including those that allege practices followed in this court and orders of this court are illegal under French law. If Sillam is not willing to comply with the rules applicable to all litigants in this court, we will have no choice but to dismiss the lawsuit that he chose to file here. Dismissal is an allowable sanction under Fed. R. Civ. P. 37(b)(2). I do not issue this warning lightly. I do so because it is necessary to warn a party of the consequences of non−compliant or contumacious behavior as further set forth in this Order. Finally, no further discovery shall take place in France or remotely. If Sillam can file a lawsuit here, he can be deposed, respond to discovery requests and produce documents here. This constitutes the decision and order of the court. It is a written decision. (Signed by Judge Colleen McMahon on 6/24/24) BY ECF TO ALL COUNSEL. (yv) (Entered: 06/24/2024) |
| 07/24/2024 | 153 | OPINION & ORDER: For the foregoing reasons, Defendants' motion for attorneys' fees is GRANTED in the amount of $146,280 broken down as follows: (1) $2,370 for costs associated with Defendants' drafting of the Sillam's declaration; (2) $41,213 for Defendants' preparation preparing for and conducting of Sillam's deposition; and (3) $102,697 for motion practice ensuing from Defendants' discovery of Sillam's 2023 Complaints. Plaintiff is directed to pay by Friday, August 30, 2024. (Signed by Magistrate Judge Ona T. Wang on 7/24/2024) (rro) (Entered: 07/24/2024) |
| 07/25/2024 | 154 | ORDER: The Court stayed discovery on April 22, 2024. (ECF 134). By letters dated May 10 and May 13, 2024, respectively, Plaintiff Saulnier and Defendants notified the Court that no further discovery is required in connection with Plaintiff Saulnier's case. (ECF Nos. 146, 149). Accordingly, the parties are directed to meet and confer and file a joint status letter by Thursday August 1, 2024. SO ORDERED. (Signed by Magistrate Judge Ona T. Wang on 7/25/2024) (sgz) (Entered: 07/25/2024) |
| 08/01/2024 | 155 | JOINT LETTER addressed to Magistrate Judge Ona T. Wang from Counsel for Parties dated August 1, 2024 re: status update. Document filed by Christopher J. Keller, Labaton Sucharow LLP..(Zauderer, Mark) (Entered: 08/01/2024) |
| 08/07/2024 | 156 | MEMO ENDORSEMENT on re: 155 Letter filed by Christopher J. Keller, Labaton Sucharow LLP. ENDORSEMENT: Applications DENIED. The parties are directed to file a status letter on the docket by Tuesday, September 3, 2024. SO ORDERED. (Signed by Magistrate Judge Ona T. Wang on 8/7/2024) (tg) (Entered: 08/07/2024) |
| 08/22/2024 | 157 | NOTICE OF INTERLOCUTORY APPEAL from 152 Order,,,,, 153 Memorandum & Opinion,,. Document filed by Gerard Sillam. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Anderson, Yen−Yi) (Entered: 08/22/2024) |

| 08/22/2024 | | Appeal Fee Due: for <u>157</u> Notice of Interlocutory Appeal. Appeal fee due by 9/5/2024. (tp) (Entered: 08/23/2024) |
|---|---|---|
| 08/23/2024 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: <u>157</u> Notice of Interlocutory Appeal. (tp) (Entered: 08/23/2024) |
| 08/23/2024 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for <u>157</u> Notice of Interlocutory Appeal filed by Gerard Sillam were transmitted to the U.S. Court of Appeals. (tp) (Entered: 08/23/2024) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————X

GERARD SILLAM and ALDRIC SAULINER,

        Plaintiffs,

        -against-

LABATON SUCHAROW LLP, et al.,

        Defendants.

—————————————————————————X

No. 21-CV-6675 (CM) (OTW)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/24/24

DECISION AND ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER FOR
SANCTIONS AND DENYING THE PLAINTIFF'S OBJECTIONS

McMahon, J.:

      The complaint in this action was filed by two French citizens against a U.S. law firm. It alleges a breach of an arrangement by which plaintiffs were to refer potential clients to Labaton Sucharow – a law firm well known for its work bringing securities fraud cases on behalf of plaintiffs.

      The issue before this Court arises from a discovery dispute. Op. & Order of Magistrate Judge Ona T. Wang at 1, April 22, 2024. The Plaintiffs preferred to have their depositions taken in France. *Id.* Defendants asked Judge Wang to direct Plaintiffs to appear for their depositions in the United States. *Id.* 1-2. Noting that Plaintiffs had already commenced four separate criminal proceedings against them in France arising out of the subject matter and/or conduct of this lawsuit (all of which had been dismissed after trial), Defendants were concerned that they might be subjected to additional harassing criminal charges if the depositions took place in France. *Id.* at 1-2.

      In a January 2023 status conference, Plaintiffs' then-counsel, Mr. Douglas M. Reda, Esq., told Magistrate Judge Wang that Plaintiffs would be "'willing to sign whatever they [defendants and counsel] need, they feel to be protected'" and acknowledged that the "'ultimate sanction'" would be dismissal. *Id.* at 2 (quoting ECF 81 at 24, 46, Transcript of January 25, 2023 Conference).

      Based on counsel's representations, Magistrate Judge Wang allowed Plaintiffs to be deposed either in France or remotely. *Id.* at 2. She also allowed Defendants to prepare "'affidavits or other statements or agreements from Mr. Sillam to address the concerns raised by defense counsel about frivolous proceedings brought in France, or potential frivolous proceedings brought

in France.'" *Id.* (quoting ECF 81 at 49). Magistrate Judge Wang asked that, "'The parties are to work together in good faith to agree to the particulars and logistics of the deposition.'" *Id.*

## I.  The Declaration

On February 16, 2023, under oath before a French official and under penalty of perjury, Plaintiffs signed the declarations (the "Declarations") prepared by Defendants. Defs.' Resp. to Pl. Sillam's Objs. to Magistrate Judge's April 22, 2024 Order, at 3, May 13, 2024. In his Declaration, Sillam agreed in relevant part:

> 4.  I will not file or pursue any type of legal proceeding in France, including but not limited to any type of criminal proceeding or criminal complaint, against Defendants, Defendants' counsel, or any persons affiliated with them, *relating directly or indirectly to the conduct of* the Deposition *or this action* . . . .

> 6.  I understand and agree that should I breach any of the promises contained in this Declaration, I will be subject to sanctions or remedial action by the New York Court, which may include (but not be limited to) monetary sanctions, injunctive relief, a directive that the Deposition be continued in New York, and/or the dismissal of this action.

> 7.  I am submitting this Declaration freely and voluntarily after having had a full opportunity to consult with my attorneys in both New York and France. I understand the terms of this Declaration, which my attorneys translated into French for my review before I signed it.

*Id.* (emphasis added).

The first session of plaintiffs' depositions took place remotely on May 5, 2023. *Id.* at 6.

## II.  The 2023 Complaints

On March 30, 2023, Sillam filed a complaint with a French prosecutor, who dismissed it. Pl. Gerard Sillam's Reply to Defs.' Resp. to the Obj. to Magistrate Judge's Op. & Order Dated April 22, 2024 at 2-3. On April 27, 223, Sillam re-filed the complaint with a judicial investigation.[1] *Id.* Obviously these complaints relate "directly or indirectly to the conduct of . . . this action."

It took some time for these two complaints (the "2023 Complaints") to come to light. *See* Order at 3. At the second session of his deposition, which took place remotely on May 12, 2023, Sillam testified that he filed "another complaint," referring to the March 2023 complaint, against Defendants. Defs.' Resp. at 6; Order at 8. He failed to state that the French prosecutor had dismissed the March 2023 complaint or that he had re-filed it. Defs.' Resp. at 6. When Sillam did

---

[1] The complaints are based on (1) allegedly false statements made by Defendant's French counsel at the French trial, and (2) Defendant's attachment of a police report in the Third Set of Document Requests sent to Plaintiff's U.S. attorneys after the trial. Order at n.5.

not respond to Defendants' subsequent interrogatories on the subject, Defendants turned to Magistrate Judge Wang. *Id.*

### III.  The Order to Show Cause

Magistrate Judge Wang directed Sillam to disclose anything he had filed with French authorities. *Id.* at 6; Order at 3-4. Sillam disclosed a police report[2] and the March 2023 complaint but again failed to disclose its dismissal or the refiled complaint. Defs.' Resp. at 7. At the show cause hearing, Mr. Reda stated that Sillam did not seek advice from him about whether he could file the 2023 Complaints; if he had, Mr. Reda would have advised him not to file them. Order 3-4. After reviewing written submissions from both parties and considering the discussion at the hearing, Magistrate Judge Wang made a preliminary finding that Sillam had failed to show cause that he did not breach the promises in the Declaration and allowed him to answer questions. Order at 4; Defs.' Resp. at 7. Only then did Sillam reveal that the March 2023 complaint had been dismissed and that he had re-filed it. Defs.' Resp. at 7. Magistrate Judge Wang later gave her opinion and order (the "Order"). *Id.*

Magistrate Judge Wang ordered Sillam to pay reasonable fees and costs under Rule 37(a)(5) for "(1) Defendants' drafting and negotiation (if any) of the declaration, (2) preparing for and taking Sillam's deposition, and (3) the motion practice ensuing from their discovery of the 2023 complaints." Order at 9-10. Additionally, she determined that other sanctions, including dismissal of the action, might be warranted. *Id.* at 10. She directed Defendants to file a brief as to whether sanctions under Fed. R. Civ. P. 16, 37(b), or 37(c), 28 U.S.C. § 1927, or the court's inherent authority should be ordered. *Id.* at 11. The parties have submitted their filings to Magistrate Judge Wang who is presently considering them. Defs.' Resp. at 8.

Sillam filed an objection to the Order (the "Objection") based on the alleged failure of Magistrate Judge Wang to (1) consider the context in which Sillam executed the Declaration; (2) correctly interpret the Declaration's restriction on the filing of criminal complaints and consider the merits of such complaints; and (3) acknowledge that Sillam acted in good faith and did not intend to mislead or defraud the court. Pl. Gerard Sillam's Obj. to Magistrate Judge's Op. & Order Dated April 22, 2024. Defendants submitted a response to the objection, and Sillam subsequently filed a reply.

### Discussion

### I.  The Court Should Apply a Deferential Legal Standard When Reviewing the Order

The Court has previously articulated the legal standard when reviewing an objection to a magistrate judge's order. *See Securitas Elec. Sec., Inc. v. Debon*, No. 20CIV5323CMJW, 2022 WL 633874, at *1 (S.D.N.Y Mar. 4, 2022); *In re New York City Policing During Summer 2020*

---

[2] The disclosure of this police report on ECF was the one of the bases of the 2023 Complaints. *Supra* n.1.

3

*Demonstrations*, No. 20-cv-8924 (CM)(GWG), 2022 WL 656808 at *2 (S.D.N.Y. Mar. 4, 2022);
*Nike, Inc. v. Wu*, 349 F. Supp. 3d 363, 352-53 (S.D.N.Y. 2018):

> The scope of review employed by the district court on appeal from an order of a
> magistrate judge depends on whether the order is dispositive or non-dispositive. A
> magistrate judge's order on a dispositive matter must be reviewed by the district
> court *de novo* in the face of an objection. Fed. R. Civ. P. 72(b); 28 U.S.C. §
> 636(b)(1). In reviewing a magistrate judge's order on a non-dispositive matter in
> the face of an objection, the district court may only modify or set aside any portion
> of the order which it finds to be clearly erroneous or contrary to law, which is a
> deferential standard. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Thomas E.
> Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).
>
> An order is "clearly erroneous" when the entire evidence leaves the district court
> "'with the definite and firm conviction that a mistake has been committed.'" *FDIC
> v. Providence Coll.*, 115 F.3d 136, 140 (2d Cir. 1997) (quoting *United States v. U.S.
> Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L. Ed. 746 (1948)). An order
> is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law
> or rules of procedures." *Thompson v. Keane*, No. 95-cv-2442, 1996 WL 229887, at
> *1 (S.D.N.Y. May 6, 1996). A magistrate judge's resolution of discovery disputes
> deserves substantial deference. *Thompson*, 1996 WL 229887, at *1.

*Securitas Elec. Sec., Inc.*, 2022 WL 633874, at *1.

The Court should use a deferential scope of review when reviewing the Order. Sillam has
not argued that the Order is dispositive, but, an order for monetary sanctions under Rule 37 for
non-compliance with discovery orders is generally considered non-dispositive within the meaning
of 28 U.S.C. § 636(b)(1)(A). *Thomas E. Hoar, Inc.*, 900 F.2d at 525. Therefore, the appropriate
standard in reviewing the Order is whether it is clearly erroneous or contrary to law.

## II.     The Court Should Uphold the Order Imposing Monetary Sanctions Upon Sillam

The Court upholds the Order because it is not clearly erroneous or contrary to law.

### A.   Magistrate Judge Wang Correctly Interpreted the Declaration to Cover Any Type of Criminal Proceeding, Meritless or Not, Relating to this Action

Magistrate Judge Wang correctly determined that the Declaration plainly and
unequivocally covered any criminal proceeding relating to this action and deemed the merits of
the 2023 Complaint irrelevant. These findings are not clearly erroneous or contrary to law.

"Under New York law, a court must give full effect to unambiguous contract terms." *HOP
Energy, L.L.C. v. Loc. 553 Pension Fund*, 678 F.3d 158, 162 (2d Cir. 2012) (citing *Greenfield v.
Philles Records, Inc.*, 98 N.Y.2d 562, 569, 750 N.Y.S.2d 565, 780 N.E.2d 166 (2002)). When a
contract is unambiguous, extrinsic evidence cannot alter its terms. *Id.* (citing *Chimart Assocs. v.
Paul*, 66 N.Y.2d 570, 572, 498 N.Y.S.2d 344, 489 N.E.2d 231 (1986).

Magistrate Judge Wang stated that, "The language in the declarations was clear and unequivocal." Order at 5. Sillam admitted that the Declaration expressly covered any criminal proceedings relating to "this action." Pl. Obj. at 4. The 2023 Complaints relate to "this action." The Declaration did not distinguish between meritorious and frivolous complaints and was not limited to complaints relating to the Deposition. Order at 8. By signing the Declaration, Sillam affirmed that his attorneys translated it to French and that he had the opportunity to consult U.S. and French attorneys. *Id.*

Magistrate Judge Wang did consider the context and purpose of the Declaration, and her interpretation falls in line with the plain meaning of the Declaration. Order at 5. Sillam objected that the Declaration was intended to protect Defendants only from the deposition or ongoing legal proceedings. Pl. Obj. at 4. Such an excuse is directly contrary to the terms of the Declaration. Magistrate Judge Wang noted that, based on the previous criminal proceedings and Mr. Reda's assurances in January 2023, the Defendants specifically drafted the Declarations to protect themselves from "further harassment and litigation in France." Order at 5. Magistrate Judge Wang summarized: "It defies belief that Defendants would have intended to limit themselves the way Plaintiff's counsel suggests, given their past history." *Id.* at 6.

Still, Sillam argues that Magistrate Judge Wang failed to consider that Mr. Reda was not authorized to make representations that Sillam would sign "*whatever* documents the Defendants and their counsel deemed necessary for their protection" and that such representations exceeded his authority. Pl. Obj. at 3. Sillam did offer any evidence that he did not give Mr. Reda authority to make representations on his behalf. *Id.*; Pl. Reply to Defs.' Resp. at 7. In the United States, parties are bound by counsel's representations in court. N.Y. Rules of Prof'l Conduct R. 1.1, 1.2; ABA Model Rules of Prof'l Conduct R. 1.2(a) & cmt. (2020); *See Link v. Wabash R. Co.,* 370 U.S. 626, 633–34, 82 S. Ct. 1386, 1390, 8 L. Ed. 2d 734 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."); *State by Tong v. Exxon Mobil Corp.,* 83 F.4th 122, 138 (2d Cir. 2023) ("'It is well-settled law that "litigants are bound by the concessions of freely retained counsel.'"") (quoting *Jackson v. Fed. Exp.,* 766 F.3d 189, 198 (2d Cir. 2014)). Magistrate Judge Wang affirmed that she allowed the Plaintiffs to remain in France for their depositions, "at considerable cost and inconvenience" to Defendants, based on those representations. Order at 9. The decision to sign the Declaration, which reflected Mr. Reda's broad representations, was left solely to Sillam. He signed it. End of story.

Finally, Sillam argued that the 2023 Complaints are meritorious—arguments that Magistrate Judge Wang had already deemed irrelevant. Pl. Obj. at 5; Order at 7-8. Sillam asserted that he had to file the 2023 Complaints due to a three-month statute of limitations. Pl. Obj. at 5. Magistrate Judge Wang had raised three queries based on that assertion. Order at 7-8. First, Sillam did not explain if the statute of limitations could be tolled or moved; second, Sillam did not indicate whether he was required to file the 2023 Complaints apart from explaining the concerns over the statute of limitations; and third, Sillam failed to demonstrate how the merits excused his breach of promise. Order at 7-8. Sillam failed to address any of these concerns in his Objection or in his reply. Pl. Obj. at 5; Pl.'s Reply to Defs.' Resp. at 7-8. Importantly, the Declaration did not create

exceptions for meritorious complaints. Order at 8. Sillam agreed not to file any criminal proceeding relating in any way to this lawsuit. That admits no exceptions.

Thus, Magistrate Judge Wang's interpretation that the Declaration prohibited Sillam, as a condition of being deposed in France, from filing any new criminal proceedings relating to this lawsuit was neither clearly erroneous nor contrary to law.

## B. Magistrate Judge Wang Correctly Determined that Sillam Acted in Bad Faith

Magistrate Judge Wang also concluded that Sillam acted in bad faith and intentionally breached the promises in the Declaration, for five reasons. Her determination in this regard is also not clearly erroneous or contrary to law.

First, Sillam incorrectly argued that the wrong standard for finding bad faith for sanctions applied. Sillam argued that there was "no clear evidence or high degree of specificity in the factual findings" that he acted in bad faith. Pl. Reply to Defs.' Resp. at 5 (citing *Cretella v. Liriano*, 370 F. App'x 157, 159 (2d Cir. 2010); *Wolters Kluwer Fin. Servs. V. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009)). He thus argued that he cannot be subject to sanctions. *Id.* However, Sillam stated the standard for finding bad faith when the court imposes sanctions *under its inherent authority*; it is not the standard under Fed. R. Civ. P. 37(a)(5), which does not require a finding of bad faith.

Second, Sillam failed to demonstrate that he relied upon his counsel's interpretation that the Declaration did not cover the 2023 Complaints in good faith. Sillam asserted that, before Sillam signed the Declaration, Mr. Reda advised him that the Declaration only covered complaints arising from the deposition. Pl. Obj. at 2. But Mr. Reda himself indicated to Judge Wang that, had he been aware of his client's intent to file the complaints, he would have advised against it. Def. Resp. to Pl. Obj. at 7. And the plain language of the Declaration is to the contrary.

Sillam cited *Abromavage v. Deustche Bank Sec., Inc.*, No. 18-CV-6621 (VEC), 2019 WL 6790513 (S.D.N.Y. Dec. 11, 2019), which explained that, when asserting an advice-of-counsel defense: "[A] party must show that he (1) 'honestly and in good faith' sought the advice of counsel; (2) 'fully and honestly la[id] all the facts before his counsel'; and (3) 'in good faith and honestly follow[ed]' counsel's advice, believing it to be correct and intending that his acts be lawful." Pl. Obj. at 6 (citing *Abromavage*, No. 18-CV-6621, at *3) (quoting *United States v. Colasuonno*, 697 F.3d 164, 181 (2d Cir. 2012)). Sillam admitted to an "absence of specific consultation between Sillam and Mr. Reda prior to filing the 2023 Complaints." Pl. Reply to Defs.' Resp. at 6. And Mr. Reda's own statements, which this court is inclined to credit, demonstrate that Sillam most certainly did not fully and honestly lay all the facts before his American attorney. Def. Resp. to Pl. Obj. at 7. Magistrate Judge Wang relied upon this absence of inquiry to determine that Sillam acted in bad faith. Order at 8.

Third, Sillam was not forthcoming about the 2023 Complaints in the deposition or in response to Magistrate Judge Wang's order to show cause. Order at 8-9; Defs.' Resp. at 6-7. Sillam contended that he did not disclose the 2023 Complaints because he did not realize that they

breached the Declaration. Pl. Reply to Defs.' Resp. at 4. Frankly, I find this as ridiculous as Judge Wang did. It is conclusive evidence of bad faith.

Fourth, Mr. Reda's failure to translate the Declaration into French before Sillam signed it does not show Sillam's lack of bad faith. Sillam affirmed that the Declaration had been translated by signing it. Moreover, Sillam did not show how the failure to translate the Declaration excused his breach of promise (which the opposite had happened). Pl. Obj. at 3-4; Pl.'s Resp. to Def.'s Resp at 6-7. Additionally, as Defendants point out, even if the Declaration had not been translated, Sillam emailed with Defendants in English and has filed several affidavits in this action in English. Defs.' Resp. to Pl.'s Obj. at 11. He obviously speaks English. If he were in any doubt about the meaning of the document he was being asked to sign, he had the means and the ability to get it translated himself.

Fifth, Sillam argued that his good faith was demonstrated by his decision to "abstain from initiating legal actions in France concerning the depositions or ongoing legal action." Pl. Reply to Defs.' Resp. at 5. However, when a contract is unambiguous, "a party's subjective intent and understanding of the terms is irrelevant." *Energy, L.L.C.*, 678 F.3d at 162. Sillam did not show that his subjective understanding of the Declaration or his decision to refrain from filing other complaints demonstrated that he did not act in bad faith. He made a conclusory statement unsupported by any authority.

Magistrate Judge Wang's finding that Sillam acted in bad faith and intentionally broke his promises were not clearly erroneous or contrary to law.

For these reasons, her order directing that Sillam be sanctioned is AFFIRMED and Sillam's objections to that order are OVERRULED.


Future Misconduct Warning

I include the following section to inform Magistrate Judge Wang's consideration of whether further sanctions should be imposed.

Sillam's behavior throughout this lawsuit has been, to put it mildly, difficult. Either it stops now or he cannot maintain this lawsuit.

Sillam chose to sue the Labaton firm in the Southern District of New York – not in France. He deliberately availed himself of this court's jurisdiction. By doing so he elected to be bound by the rules that apply to every litigant in this district and this country.

A party who brings a lawsuit in this district is required to adhere to the Federal Rules of Civil Procedure and the Joint Local Rules of the E.D.N.Y. and the S.D.N.Y. Fed. R. Civ. P. 1; Fed. R. Civ. P. 83; Local Rule 1.1; *Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."). Similarly, the Second Circuit has warned parties that "'all litigants . . . have an obligation to comply with court orders.'" *Minotti v. Lensink*, 895 F.2d 100,

7

103 (2d Cir. 1990) (quoting *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir.1988)).

This court will not tolerate further abusive behavior on his part. Abusive behavior includes filing lawsuits or criminal action in France that relate in any way to this lawsuit, including those that allege practices followed in this court and orders of this court are illegal under French law. If Sillam is not willing to comply with the rules applicable to all litigants in this court, we will have no choice but to dismiss the lawsuit that he chose to file here. Dismissal is an allowable sanction under Fed. R. Civ. P. 37(b)(2).

I do not issue this warning lightly. I do so because it is necessary to warn a party of the consequences of non-compliant or contumacious behavior:

> Several factors are considered when weighing whether to "impose [discovery] sanctions pursuant to [Rule 37(b)(2)], including '(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and *(4) whether the non-compliant party had been warned of the consequences of noncompliance.*'" *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).

*Sapia v. Home Box Off.*, No. 18 CIV 1317(CM), 2022 WL 769798, at *9 (S.D.N.Y. Mar. 14, 2022) (emphasis added).

Although a specific warning about the risk of dismissal is not required, *see Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991) ("Although formal warnings often precede the imposition of serious sanctions, [the Second Circuit] has never considered warnings an absolute condition precedent."), the Second Circuit and this Court have considered whether a specific warning had been given when reviewing orders of sanctions. *See Agiwal* 555 F.3d at 303 (affirming sanctions after plaintiff "defied all [court] orders, each of which warned of the possibility of sanctions, including dismissal"). *Contra In Re Charles DeGennaro, III*, No. 20 CIV. 7958 (CM), 2020 WL 7231945, at *11 (S.D.N.Y. Dec. 8, 2020) ("There is no indication that DeGennaro was aware of the specific sanctions that he would be facing before the court imposed them at the August 27 hearing.").

The prospect of further sanctions, up to and including dismissal of the complaint, is particularly important in this case. Sillam chose to file a lawsuit in this court. He deliberately subjected himself to our rules and processes. Sanctioning him for refusing to cooperate and/or comply with our rules and orders -- including by dismissing his case – will not only constitute just punishment for Sillam's misbehavior; it will send a message to others who choose to file lawsuits in our country's courts only to abuse the very process they have invoked. As the Supreme Court has noted, "The most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in

the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam), *see also, Valentine v. Museum of Mod. Art*, 29 F.3d 47, 49–50 (2d Cir. 1994). Sanctions under Fed. R. Civ. P. 37 serve as both general and specific deterrents. *See Ocello v. White Marine, Inc.*, 347 F. App'x 639, 642 (2d Cir. 2009) (noting that severe sanctions "advance[] the significant general deterrent effect that Rule 37 is intended to serve") (citing *Nat'l Hockey* League, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). "[C]ourts are free to consider the general deterrent effect their orders may have on the instant case and on other litigation, provided that the party on whom they are imposed is, in some sense, at fault." *Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir.1979). The Second Circuit has acknowledged the deterrent effect of sanctions when warning parties. *See Jolly v. Excelsior Coll.*, No. 21-2930-CV, 2023 WL 545086, at *2 (2d Cir. Jan. 27, 2023) (warning the party about sanctions for filing frivolous suits while acknowledging that such sanctions would deter such behavior).

If Sillam, having availed himself of this court's good offices, engages in further obstructive harassing behavior, including but not limited to the filing of proceedings alleging that compliance with this court's orders and procedures are prosecutable as crimes in his home country, or if he fails to comply promptly and fully with any order issued by this court ("this court" includes Magistrate Judge Wang), he will be required to show cause why this lawsuit should not be dismissed. An order to show cause is needed because, "Parties must be given notice and an opportunity to respond before a cause of action, or potential remedy, is dismissed as a sanction for failure to comply with court orders." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 160 (2d Cir. 2012); *See also Vanceah v. Dendy*, No. 22-1864, 2023 WL 4199034, at *2 (2d Cir. June 26, 2023) ("[Plaintiff] Vanceah received sufficient notice of the consequences of noncompliance with discovery orders.").

Finally, no further discovery shall take place in France or remotely. If Sillam can file a lawsuit here, he can be deposed, respond to discovery requests and produce documents here.

This constitutes the decision and order of the court. It is a written decision.

Dated: June 24, 2024

_____

U.S.D.J.

BY ECF TO ALL COUNSEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x
:
GERARD SILLAM and ALDRIC SAULNIER,                          :
:
                              Plaintiffs,                   :          21-cv-6675 (CM) (OTW)
:
           -against-                                        :          **OPINION & ORDER**
:
LABATON SUCHAROW LLP and CHRISTOPHER :
KELLER,                                                     :
:
                              Defendants.                   :
:
--------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

## I. INTRODUCTION

Defendants Labaton Sucharow LLP and Christopher Keller (collectively "Defendants")

brought this motion for dispositive and non-dispositive (monetary) sanctions against Plaintiff

Sillam pursuant to the Court's inherent authority and Fed. R. Civ. P. 37(a)(5), respectively.

Specifically as to the non-dispositive relief sought under Rule 37(a)(5), Defendants seek an

award of at least $146,280 in attorneys' fees and costs incurred in connection with motion

practice regarding Plaintiffs' depositions in France.  (ECF 138 at 14); *see also* ECF Nos. 45, 60.

For the following reasons, Defendants' motion for monetary sanctions in the amount

of **$146,280** is **GRANTED**.  Defendants are awarded a total of **$146,280** in fees, broken down

as follows: (1) **$2,370** for costs and fees associated with Defendants' drafting of Sillam's

declaration; (2) **$41,213** for Defendants' preparation for and conducting of Sillam's

deposition; and (3) **$102,697** for motion practice ensuing from Defendants' discovery of

Sillam's 2023 Complaints.

## II.    BACKGROUND

For the reasons articulated in my April 22, 2024 Opinion and Order, I had previously found that Sillam should be sanctioned for his bad faith violation of promises made in his February 16, 2023 Declaration (the "Declaration," ECF 104-4), which was proffered and signed in consideration of and for Sillam being deposed in France.  (ECF 134), *Sillam v. Labaton Sucharow LLP*, No. 21-CV-6675 (CM) (OTW), 2024 WL 1717960 (S.D.N.Y. Apr. 22, 2024).  Sillam objected to my finding pursuant to Fed. R. Civ. P. 72(a); Judge McMahon overruled his objections on June 24, 2024.  (ECF 152), *Sillam v. Labaton Sucharow LLP*, No. 21-CV-6675 (CM) (OTW), 2024 WL 3104492 (S.D.N.Y. June 24, 2024) ("*Sillam II*").  After finding that, at a minimum, monetary sanctions were warranted, I directed Defendants to file submissions to support the amount of a monetary sanction.

Sillam, represented by new counsel, filed an opposition that raised largely the same objections and arguments as he raised in response to my Orders to Show Cause and in the objections to my April 2024 Order.  Specifically, Sillam's generic and conclusory arguments ask the Court to consider—without a single citation to Defendants' submissions or to any relevant case law—"whether all aspects of this task were **directly related to addressing Sillam's conduct** or if some components were part of **routine legal preparation**" (ECF 145 at 13), that additional costs of conducting the deposition in France "may encompass **routine legal preparations** inherent in international depositions,"(*id.*), that any allocation "should accurately reflect the reasonable costs **directly attributable to Sillam's conduct**, without encompassing **routine legal expenses**," (*id.*), and whether, after discovering Sillam had violated the Declaration, "all claimed expenses were **directly attributable to Sillam's**

2

**conduct** or if some were part of **routine legal proceedings**." *Id.* at 14.  (all emphases added).

Sillam then requests that "any monetary sanction should be meticulously tailored to reflect

only the reasonable costs **directly resulting from Sillam's conduct**." *Id.* (emphasis added).

### III.    DISCUSSION

#### A.    <u>The Fees Sought Are Within the Scope of the April 2024 Order</u>

Fed. R. Civ. P. 37(a)(5) "applies to [an] award of expenses" made in connection with

motions for orders compelling disclosure or discovery and in connection with depositions

under Fed. R. Civ. P. 37(a)(1) and (a)(3)(C).  Where a motion to compel is granted, Rule

37(a)(5)(A) provides that "the court must, after giving an opportunity to be heard, require

the party or deponent whose conduct necessitated the motion, the party or attorney

advising that conduct, or both to pay the movant's reasonable expenses incurred making the

motion, including attorney's fees." *Id.*  "[I]t is widely accepted that an award of expenses

under Rule 37(a)(5)(A) is mandatory unless one of . . . three exceptions applies." *Wager v.

G4S Secure Integration, LLC*, 19-CV-3547, 2021 WL 293076, at *4 (S.D.N.Y. Jan. 28, 2021).

These exceptions are: "(i) the movant filed the motion before attempting in good faith to

obtain the disclosure or discovery without court action; (ii) the opposing party's

nondisclosure, response, or objection was substantially justified; or (iii) other circumstances

make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

On April 24, 2024, I found that Sillam had breached the promises made in his

Declaration, and held that Sillam would "be directed to pay reasonable fees and costs under

Rule 37(a)(5) for: (1) Defendants' drafting and negotiation (if any) of the declaration, (2)

preparing for and taking Sillam's deposition, and (3) the motion practice ensuing from their

discovery of the 2023 Complaints." *Sillam*, 2024 WL 1717960 at *5. I have reviewed the

proffered time entries and find that they fall within the scope of work for which Defendants

should be compensated in the April 2024 Order.

**B. Calculation of a Reasonable Fee Award**

Here, I have already found that Defendants are entitled to recover their reasonable

expenses incurred in connection with the motion practice regarding Plaintiffs' depositions in

France. *Sillam*, 2024 WL 1717960, at *5. Sillam's opposition to any financial sanction does

not challenge any attorney's hourly rate, time spent on any task, or the necessity of any of

the tasks described. Instead, Plaintiff asks, in vague, repetitive and conclusory language,[1]

that fees should be awarded only for work attributable to Sillam's conduct, and not for

"routine legal tasks." (ECF 145 at 13–14).

I have reviewed Defendants' submissions at ECF Nos. 138, 139, 140, and 141, in the

form of declarations and redacted billing records, and find that all of the time entries relate

to work attributable to Sillam's conduct and to uncovering Sillam's 2023 Complaints. I

further find that none of these tasks[2]—undertaken to address Sillam's egregiously

contumacious conduct—could be characterized as "routine legal tasks."

---

[1] Sillam submits yet another declaration (ECF 145-1) in which he blames his former counsel and his French counsel for Sillam's "misunderstanding" of the plain language and purpose of the Declaration. These arguments were previously raised, I addressed them at length in my April 2024 Opinion & Order, and Judge McMahon overruled Sillam's objections. *Sillam* 2024 WL 1717960, at *3–5; *see also Sillam II*, 2024 WL 3104492 at *5 ("Frankly, I find this as ridiculous as Judge Wang did. It is conclusive evidence of bad faith.").

[2] Although I do not have a general prohibition on use of generative artificial intelligence tools for brief writing, attorneys have a "gatekeeping role . . . to ensure the accuracy of their filings." *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023). While Sillam's brief does not cite any "fake quotes and citations" (*id.*) the repetitive language does not present any advocacy; it only restates general principles of law without making argument. This is not helpful to the Court.

I also find that the fees and costs sought are reasonable and fall within the scope of the monetary sanction articulated in the April 2024 Order.  Moreover, because this award of fees is a discovery sanction, "the offended adversary's counsel is not being rewarded for its success in the litigation; rather, the adversary is simply being compensated for costs it should not have had to bear."  *Klipsch Group, Inc. v. ePRO E-Commerce Limited*, 880 F.3d 620, 634 (2d Cir. 2018) (imposing discovery sanctions that included costs and fees associated with the plaintiff's investigation—including a court-ordered forensic examination—into the defendant's failure to initiate a proper litigation hold, failure to promptly disclose documents, and spoliation).

### C. Lodestar Calculation

Because a sanction under Fed. R. Civ. P. 37(a)(5) is compensatory, it is not clear that a lodestar calculation is necessary.  (Indeed, Sillam has not challenged any of the time entries or hourly rates.)  If a lodestar calculation is necessary, however, I find that the hours spent exposing and litigating Sillam's bad faith conduct in discovery, totaling $146,280, is reasonable.

The determination of reasonable hourly rates is a factual issue committed to the court's discretion.  *Arbor Hill v. Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 184. (2d Cir. 2008).  A reasonable hourly rate is typically defined as the market rate that a "reasonable, paying client would be willing to pay."  *Id.* at 184.  The equation of reasonable hourly rate and market rate contemplates a case-specific inquiry into prevailing market rates for counsel whose experience and skills are similar to those of the fee applicant's counsel.  *Farbotko v. Clinton Cnty. of New York*, 433

F.3d 204, 209 (2d Cir. 2005).  Specifically, courts are instructed to look to the market rates

"prevailing in the community for similar services by lawyers of reasonably comparable skill,

experience, and reputation."  *Gierlinger v. Gleason,* 160 F.3d 858, 882 (2d Cir.1998).  When

making this determination, a court should rely both on evidence as to the rates counsel

typically charges, (*Farbotko*, 433 F.3d at 209), and "its own knowledge of comparable rates

charged by lawyers in the district."  *Morris v. Eversley*, 343 F.Supp.2d 234, 245 (S.D.N.Y.

2004) (citing *Ramirez v. N.Y. City Off-Track Betting Corp.*, No. 93 Civ. 682 (LAP), 1997 WL

160369, at *2 (S.D.N.Y. Apr. 3, 1997)); *see also Miele v. New York State Teamsters Conf.*

*Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987) (holding that the lower court "had

discretion to rely . . . on his knowledge of New York City rates so long as he considered rates

charged by comparable lawyers at the private bar").

The attorneys' hourly rates here are within the reasonable range of experienced

litigators within the community, which, in this case, is the Southern District of New York.

*Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, No. 10 CIV. 1853 PGG, 2011 WL 1002439, at *6

(S.D.N.Y. Mar. 16, 2011), *aff'd*, 483 F. App'x 634 (2d Cir. 2012).  The hourly rates of counsel,

while high in absolute terms, are reasonable in light of the attorneys' backgrounds and

experience, as well as the nature of the claims, filed against a well-known law firm and one

of its senior partners.  *See id.* at *5–6 (collecting cases).[3]

---

[3] In *Amaprop*, decided in 2011 and affirmed in 2012, the court found the following hourly rates to be
reasonable: $761 per hour for a senior partner; $616 per hour for a partner; $392 per hour for an associate;
$312 per hour for a law clerk awaiting admission; and $251 per hour for a paralegal.  2011 WL 1002439, at *5–
6.  Here, thirteen years later, Defendants charge comparable and likewise reasonable rates of: $985 per hour
for a senior partner; $850 per hour for a partner; and $595 per hour for counsel.  (ECF 140 at ¶¶ 4–6).
Defendants' French counsel, Reed Smith LLP, has also submitted comparable and reasonable rates, which, at a
proffered conversion of €1 to $1.07, amount to: $952.30 per hour for a managing partner; $620.60 per hour for
a senior associate; and $428 per hour for a junior associate.  (ECF 141 at ¶¶ 3–12).

To determine the number of compensable hours, "the court must examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case." *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 371 (S.D.N.Y. June 22, 2005) (citing *Gierlinger*, 160 F.3d at 876). As when determining whether the hourly rate is reasonable, in assessing compensable hours the court "may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Gierlinger*, 160 F.3d at 876.

The Court has reviewed Defendants' supporting billing records and finds the time spent to be reasonable. Defendants seek compensation for a total of 91.5 hours of work performed, broken down as: (1) 2.8 hours for drafting and negotiating Sillam's declaration; (2) 16.1 hours for preparing for and conducting Sillam's deposition; and (3) 72.6 hours for the motion practice ensuing from Defendants' discovery of Sillam's 2023 complaints. (ECF 140 at ¶¶ 4–6). Additionally, Labaton Sucharow's French counsel, Reed Smith LLP, billed a total of 101 hours in connection with preparing for and conducting Sillam's deposition in France, as well as motion practice ensuing from Defendants' discovery of the 2023 Complaints. (ECF 141 at ¶¶ 3–6). The work performed is of the nature, type, and amount that would be expected for experienced attorneys to perform the work resulting from Sillam's conduct. The Court also notes that Reed Smith's hours would have been much lower had Sillam appeared for his deposition in New York, as Defendants' counsel had requested.

### D. __Defendants' Other Requested Relief__

In addition to monetary sanctions, Defendants have also requested that Sillam's claims be dismissed, as non-monetary sanction for his conduct.  Judge McMahon has warned Sillam that, if he is "not willing to comply with the rules applicable to all litigants in this court, we will have no choice but to dismiss the lawsuit that he chose to file here."  *Sillam II*, 2024 WL 3104492 at *6.  In light of this warning, I find that monetary sanctions are—at this juncture—sufficient.

Compliance with discovery obligations "is not optional or negotiable; rather, the integrity of our civil litigation process requires that the parties before us, although adversarial to one another, carry out their duties to maintain and disclose the relevant information in their possession in good faith."  *Klipsch Group, Inc*, 880 F.3d at 630–31.  The power to sanction litigants "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Penthouse Int'l, Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371, 386 (2d Cir. 1981).  This includes the power of dismissal pursuant to Rule 37, which is appropriate "not merely to penalize those whose conduct may be deemed to warrant such sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction."  *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298 (2d Cir. 2009) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 (1976)).  As Judge McMahon has put Sillam on notice that continued treatment of the federal rules as optional will result in dismissal of his claims, I deem monetary sanctions sufficient censure, at present.

IV.    **CONCLUSION**

For the foregoing reasons, Defendants' motion for attorneys' fees is **GRANTED in the**
**amount of $146,280** broken down as follows: (1) **$2,370** for costs associated with
Defendants' drafting of the Sillam's declaration; (2) **$41,213** for Defendants' preparation
preparing for and conducting of Sillam's deposition; and (3) **$102,697** for motion practice
ensuing from Defendants' discovery of Sillam's 2023 Complaints.  Plaintiff is directed to pay
by **Friday, August 30, 2024**.

**SO ORDERED.**


                                                         _s/ Ona T. Wang_
Dated: July 24, 2024                                     **Ona T. Wang**
          New York, New York                            United States Magistrate Judge

## ADDENDUM B

The issues to be raised on appeal are as follows:

1. Defendants' motion for monetary sanctions in the amount of $146,280, broken down into:

    a. $2,370 for costs and fees associated with Defendants' drafting of Sillam's declaration;

    b. $41,213 for Defendants preparation for and conducting of Sillam's deposition;

    c. $102,697 for motion practice ensuing from Defendants' discovery of Sillam's 2023 Complaints.

The appropriate legal standard to apply when reviewing the above issues is the abuse of discretion standard. *See Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 871 (1990) (the appropriate standard of reviewing in assessing a district court's ruling on Rule 11 sanctions is abuse of discretion).